## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 0 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

John W. Hawthorne
07230-007 Fed. Reg #
Rivers Corr. Instn.
Winton, North Carolina
P.O. Box 630- 0-3 10
(Enter your full name, prison number
and address)

Case: 1:07-cv-02000
Assigned To : Lamberth, Royce C.
Assign. Date : 11/6/2007
Description: PRO SE GEN. CIVIL

v.                                    C

United States Parole Comm,
(To be supplied by the Clerk of the
District Court)

Edward Reilly Jr. Chm. et. al
5550 Friendship Bld.
Chevy Chase
Maryland, 20815
(Enter the full name and address(es),
if known, of defendant(s) in this
action) Court Services Offender Supervisory Agency
300 Indiana Ave. Northwest
Washington D.C.
20001
ste 2149

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma
pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty
of perjury that the facts are correct. If you need additional space to answer a question, you may use
another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within
the District of Columbia. Further, you must file a separate complaint for each claim that you have unless
they are related to the same incident or problem. The law requires that you state only facts in your
complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C.
§1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison
account at the time of filing your complaint, the court __must__ assess, and when funds exist, collect an initial
filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

OCT 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you **must** submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

## I.   SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( )          No (✗)

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )     No (✗)

C.   If your answer to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit.

Plaintiffs:_____

_____

Defendants:_____

_____

2.   Court (if federal court, name the district; if state court, name the county)

_____

3.   Docket number_____

4.   Name of judge to whom case was assigned:_____

5.      Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)_____

_____

6.      Approximate date of filing lawsuit:_____

_____

7.      Approximate date of disposition:_____

_____

## III.    PLACE OF CONFINEMENT

River Correctional Institution
Winton North Carolina P.O. Box 630 27986
D.C. Detention, Facility, Petersburg MCI

A.      Is there a prisoner grievance procedure in this institution?    Yes (X)    No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Question III B,C and D and go to Question III E.

B.      Did you present the facts relating to your complaint in the prisoner grievance procedure?
        Yes (X)      No ( )

C.      If your answer is Yes to Question III B;

    1.      To whom and when did you complain? Case Manager Warden, Classification officers

    2.      Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No ( )

    3.      What, if any, response did you receive? (Furnish copy of response, if in writing.) Shipped to another Facility, no response at all, except at Rivers

    4.      What happened as a result of your complaint? Finally at Rivers C.I. one of the many grievance I Filed was responded to by the Warden who made my case manager seriously address my grievance.

D.      If your answer is No to Question III B, explain why not. _____

_____

_____

E.      If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )      No ( )

F.      If your answer is Yes to Question III E;

1.     To whom and when did you complain?     _____

    _____

2.     Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)

3.     What, if any, response did you receive? (Furnish copy of response if in writing)

    _____

4.     What happened as a result of your complaint?     _____

    _____

    _____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.     Name of Plaintiff: John W. Hawthorne 07230-007

    Address: Rivers Correctional Institution Winton, North Carolina 27986

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B.     Defendant: Edward Reilly Jr. is employed as Chairman at U.S. Parole Comm.

    Address: 5550 Friendship Boulevard Chevy Chase, Maryland 20815

Defendant: _____ is employed as

_____ at _____

Address: _____

_____

Defendant: _____ is employed as

_____ at _____

Address: _____

_____

Defendant: _____ is employed

as _____ at _____

Address: _____

_____

## V.    STATEMENT OF CLAIM

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if necessary.

Plaintiffs constitutional rights were violated due to U.S. Parole Com. never granting plaintiff a rehearing after a 1998 initial Parole hearing and plaintiff nearly completed entire sentence with no infractions or write ups. Also plaintiffs ex Post Facto Clause may have been violated on a 1995 Parole Violation

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

Plaintive seek compensatory and punitive damages since defendants departed from guidelines on initial parole hearing never granting plaintiff a rehearing, effective date and stated that plaintiff agreed to a continuance when plaintiff never seen Parole Commission.

Signed this __18__ day of __October__, 2007

Sworn to and subscribed before me
this 17 day of October    20 07
_Yvonne J. Simons_
Notary Public
My commission expires  6-3  20 12

_John W. Hawthorne_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__10-18-07__
(Date)

_John W. Hawthorne_
(Signature of Plaintiff)

# United States District Court For The District of Columbia

## Plaintiff

John W. Hawthorne
Fed. Reg. #07230-007
Rivers Correctional Institution
Winton, North Carolina
P.O. BOX 630 - D-3 101

Case number # _____

V

United States Parole Commission et al
Edward Reilly Jr. Chairman
5550 Friendship Boulevard
Chevy Chase, Maryland 20815

&

Court Services Offender Supervisory Agency
300 Indiana Ave. Northwest
Washington, D.C. 20001

&          ## Defendants

Warden et. al.

# CIVIL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Now cometh the pro se petitioner, John W. Hawthorne humbly beseeching this Most Honorable Court to render judgement and ruling in reference to the plaintiff having his 5th and 14th amendment rights violated along with the Ex Post Facto Clause under 42 of the U.S.C. §1983 by the United States Parole Commission and Court Services Offender Supervisory Agency in accordance with the National Capital Revitalization And Self Government Improvement Act of 1997 (Revitalization Act) Public Law #105-33 § 1123 (a) 1, 111 stat. 712, 745 D.C. Code § 24-131. Defendants also violated § 1985 of U.S.C.

## PRELIMINARY STATEMENT

① Plaintiff violated conditions of his parole in 1995 and a parole violator warrant was issued 8-25-95 for new criminal conduct in reference to rearrest and parole revocation hearing.

② Plaintiff never saw Board or Commission for violator warrant and was sentenced to 1-3 and 2-6 years consecutively for new criminal conduct for a total of nine years.

In August of 1998 after serving ⅓ of his sentence, plaintiff saw U.S.P.C. examiner Rob Hayworth who denied plaintiff parole at that time citing ordinary program achievement and clear conduct with a total point score of 4 and a base point score of 5 which indicates plaintiff should be scheduled for a rehearing within 18-24 months and that a departure from such guidelines is not warranted. (See exhibit A)

④ Plaintiff had an interim hearing in March of 2000 while at Greenville Correctional Institution in Jarrett, Virginia and was given a favorable and good recommendation by his case manager and interim hearing examiner about an effective date in September because of progress report, clear conduct, and working in woodshop making furniture.

⑤ Plaintiff never had his rehearing after having interim hearing in which a presumptive date for release was suppose to be set according C.F.R. § 2.14 Subsequent Proceedings.

⑥ Plaintiff filed a Freedom of Information Act on 6-29-07 and requested records from C.S.O.S.A. and was taken aback to see action sheet from U.S.P.C. dated 9-18-02 voiding an earlier action sheet

dated 12-05-2000 in which a continuance was suppose to be agreed to and taped of a rehearing in September of 2000 and that my case was reopened C.F.R. §2.28(a) pursuant to new and significant information giving plaintiff parole effective date of 10-28-02. (see exhibit B)

⑦ Plaintiff again never had a rehearing so plaintiff never agreed to a continuance. According to C.F.R. § 2.13-12: If a hearing is continued a tape of the discussion with the prisoner leading to the continuance is made. Produce this tape.

⑧ According to C.F.R. § 2.28(a) a commissioner may reopen a case upon receipt of new information of substantial significance favorable to prisoner but on action sheet dated 9-18-02 it states same developments during interim hearing of 3-2000 clear conduct, progres report, and ordinary program achievement. Reason for reopening plaintiff's case was not justified. (see exhibit 8)

⑨ In C.S.O.SA. and B.O.P. Files there is no action sheet for 12-05-2000. Parole responses are rendered in 2 weeks, this continuance which was supposed to be taped took 2 months, but still no action was produced from this hearing.

# JURISDICTION

Jurisdiction and venue in this matter is by pursuant to U.S.C. §1915 and U.S.C. 42 §1983, § 1343(A), § 1331, and § 1391.

# PARTIES

Plaintiff was an inmate of the now defunct Occoquan and Lorton Facilities which closed via Revitalization Act of 1997 abolishing the now defunct D.C. Parole Board. Defendants are agencies of the National Capital Revitalization and Self Government Improvement Act of 1997 (Revitalization Act Public Law # 105-33, § 1123(a) 1, 111 Stat. 712, 745 giving United States Parole Commission complete authority over felons, parolees, and D.C. code offenders out of Superior Court assuming complete authority in August of 2000 replacing the now defunct D.C. Parole Board, in reference to granting and denying parole, supervision, revocation hearings etc.

# QUESTION PRESENTED

① Did U.S. P.C. grant plaintiff a rehearing in accordance with C.F.R. § 2.75? NO

② Was there a rehearing in September of 2000 where plaintiff allegedly agreed to a continuance which was taped? NO C.F.R. § 2.13-1

③ Was U.S.P.C. regional commissioner justified in reopening plaintiff case pursuant C.F.R § 2.28(a)? NO

④ In interim hearing held at Greensville Correctional Institution in Jarrett, Virginia did plaintiff have a presumptive release date according to C.F.R. § 2.14 Subsequent Proceedings?

⑤ Did U.S. P.C. violate Ex Post Facto Clause of plaintiff allowing him to linger in prison for no justafiable reason?

⑥ Where is action sheet for parole reconsideration hearing which allegedly occurred in September of 2000?

# STATEMENT OF FACTS

Plaintiff, John W. Hawthorne violated conditions of his parole in 1995 and a parole violater warrant was issued for his arrest on 8-25-95 on case# P2835695, in reference to rearrest and parole revocation proceedings. Plaintiff never saw D.C. Parole Board in reference to violater warrant since he was serving a 2-6 and 1-3 year consecutive sentence for new criminal conduct. In accordance with C.F.R. § 2.73 plaintiff was considered for parole after serving 1/3 of his sentence but was denied parole at the initial hearing and was suppose to be scheduled for a rehearing after a service of 18-24 months and that a departure from such guidelines was not warranted. (see exhibit A)

In volume 54 of American Jurisprudence, "Parole and Pardons" it clearly states § 74 Although a prisoner has no federal constitutional right to parole, early release statues can create liberty interest protected by due process guarantees, thus,

the prisoner may be entitled to hearings or other procedures in the process of determining to grant or deny parole. Also, the standard to be used to determine whether a parole statue creates a protected liberty interest have been set forth by the U.S. Supreme Court. First, although the release decision is necessarily subjective and predictive, the Board's discretion is very broad the statue nonetheless use mandatory language "shall" to create a presumption that parole release will be granted when the designated findings are made. Second, presumption that liberty interest created exist where the statue mandates release unless certain findings are made but also where release is mandated "if", unless certain findings are made, but also where release is mandated (if) (when) or (subject to) certain findings being made. Parole statues contain no mandatory language, but instead employ permissive "may" rather than "shall" and thus the prisoner has no constitutionally recognized liberty interest in parole. § 92 states that although an inmate being considered for parole does not have a per se right to be released

on parole, the inmate does have a right to be considered for parole and should not be denied parole for false, insufficient or capricious reasons. Third, when the substantive predicates of a parole release under the statue are similiar to those in the parole statue found in Greenholtz case they create a liberty interest in that both release on both the prisoner and the community, the prisoner's ability to lead a law abiding life, and whether release will cause a detriment the community.

The Board's scheduling of a setoff date cannot be atypical and significant hardship or inmate creating liberty interest protected by due process, unless Board's discretion under policy guidelines is subject to such substantive limitation on official discretion that failure to honor limitation would be characterized as deprivation of liberty. U.S.C.A Const. Amend. 14 Hall-v-Henderson - 1996 - 672 - A. 2d - 1047

Also, the Board's selection of a particular disposition after full and fair consideration of available facts may be

reguarded as "all most" unreviewable, but failure to afford a procedure where by violater may seek a favorable disposition, or an outright refusal to consider proffered evidence in mitigation is not immone from judical overview. 18 USCA § 4203, DDCE §§ 24-204-24-205 Shelton V U.S.P.B. CADC

The District of Columbia statues and regulations that did not create a protected liberty interest in being reconsidered for parole at any specific time since parole statue and regulations vest substantial discretion in the Parole Board's granting or denying and in setting reconsideration dates following an intial denial of parole was (repal) repealed with D.C. Municipal Code and Reg. title 28 § 104-200.1 and 204.1, 204.22 U.S.C.A. Const. Amend 5 White V Hyman 1994-647

In C.F.R. § 2:14 it blatantly states "Not withstanding a previously ordered presumptive release date or 15 year reconsideration hearing, interim hearing "Shall" be conducted by an examiner pursuant to the procedures § 2:13 b, c, e, and f at the following intervals from the

date of the last hearing until released. U.S.P.C. proclaim that plaintiff had a reconsideration hearing Oct. 5, of 2000 and consented to a continuance is bogus and fabricated. C.F.R. § 2:13-12 blatantly states; "If a hearing is continued a tape of the discussion with the prisoner leading to the continuance is made. Secondly; U.S.P.C. regional commissioner may reopen a case pursuant to C.F.R. § 2.28(a) "new and significant information of substantial significance and plaintiff's case was reopened 9-18-02 for clear conduct and ordinary program achievement, something plaintiff already established in interim hearing in March of 2000. In 18 of USC. § 4208; in 2-F, it states; "A full and complete record of every proceeding shall be retained by the Commission. Upon request the Commission shall make available to any prisoner such records as the Commission may retain of the proceedings.

In reference to 18 U.S.C. §4206(a) it states "If a federal prisoner who has substantially observed the rules of the institution to which he has been confined, and if the Commission upon consideration of nature of circumstances of the offense and the history and characteristics of prisoner, determines that release would not depreciate the seriousness of the offense or promote disrespect for the law and that release would not jeopardize the public welfare, then subject to futher statutory provisions and pursuant to Commission guidelines, the prisoner must be released. Repealed but continued to 11-1-02.

Finally, the Board of Parole guidelines requiring written explanations as to set-offs periods chosen for a prisoner to remain incarcerated before being able to seek reconsideration of parole, did not give rise to protected liberty interest; and thus any noncompliance by Board in failing to specify reasons for setting prisoners reconsideration date/hearing beyond one year

period normally applicable, did not entitle prisoner to release from custody, even assuming that guideline applied retroactively to prisoners case. Repealed D.C. code 1981-24-204(a) with D.C. Municipal Reg. Title 28-104.2. Plaintiff nearly maxed out his entire sentence remaining infraction free the entire time accompanying it with ordinary program achievement. Plaintiff filed grievances as to why U.S.P.C. had not afforded him a rehearing. With only two years remaining on his entire sentence U.S.P.C. and C.S.O.S.A. were planning on letting plaintiff complete his entire sentence without the benefit of a hearing. (See exhibit C). Only because of grievances filed did plaintiff come back under the radar of both agencies.

C.S.O.S.A. had plaintiff at Petersburg Med. F.C.I. 7-16-02 when he already had been at Rivers for 3 months. Grievance filed at Petersburg and the case manager there who assisted plaintiff contacted agencies about plaintiff's gripe. (See exhibit D)

Defendants gave no justifiable reasons extending plaintiff's period for rehearing when plaintiff's sailent factor score and base point score would have dropped immediately upon seeing Commission for reconsideration when he was already a four. Defendants reopened plaintiff's case after realizing plaintiff was last see in 1998. Plaintiff arrived at Rivers Correctional Institution 4-2000 from Petersburg F.C.I. Virginia in April had an initial intake and classification and had another review date of 10-30-02. (see exhibit C). Even though plaintiff had a nine year omnibus sentenc he still should have been given a parole reconsideration rehearing in September of 2000 and/or had a presumptive release date which in affective would have turned into an effective date according C.F.R. § 2:14 Subsequent Proceedings 1(A)(ii.). Defendants could not possibly have done a record review 60 days prior as to reconsideration because they had no idea where prisoner/Plaintiff was located.

# CLAIMS FOR RELIEF

① Defendants violated liberty interest of plaintiff when it was falsely claimed by defendants that plaintiff had a reconsideration hearing and that a continuance was the result of this hearing which never occurred.

② Defendants reopened plaintiff's case in accordance with C.F.R. §2.28(a) when action sheet dated 9-18-02 clearly indicates clear conduct and ordinary program achievement which plaintiff had already established and iterated in his interim hearing of march of 2000.

③ Defendants claim of reopening plaintiff's case under C.F.R. 2.28(a) new information of substantial significance is bogus and fabricated, in accordance with C.F.R. §2.60

④ Plaintiff 1998 action sheet blatantly states that a departure from the 18-24 month guideline for having a reconsideration hearing is not warranted. Plaintiff never had a

a rehearing and was incarcerated for another 26 months after the initial 18-24 month set off for no justifiable reason.

⑤ Plaintiff's Ex. Post Facto Clause was violated allowing plaintiff to linger in prison not fulfilling the duties of the parole procedures.

⑥ Plaintiff seeking compensatory and punitive damages of $2,000,000 and $3,000,000 dollars including attorney fees etc

Respectfully Submitted

John W. Hawthorne
John W. Hawthorne
Fed. Reg. #07230-007

October-18-2007

# PRAYER FOR RELIEF

Wherefore the plaintiff request judgement against the defendants for damages in compensatory and punitive relief and all other relief as this Court deems to be just, proper, and fair.

# JURY DEMAND

Plaintiff request trial by jury as case is triable by jury as of right.

10-18-2007

John W. Hawthorne

John W. Hawthorne
Fed. Reg. #07230-007

# United States District Court for the District of Columbia

John W. Hawthorne
Feg. Reg. # 07230-007

V

United States Parole Commission et. al

&

Court Services Offender Supervisory Agency

## Certificate of Good Faith

Comes now pro-se plaintiff in the above captioned cause here by depose and states:

This certificate is hereby made in good faith that the plaintiff is not making an attempt to circumvent this process by disreguarding the truth. Plaintiff is neither being speculative or malicious.

10-18-2007

Respectfully Submitted

John W. Hawthorne
Fed. Reg. # 07230-007

# CERTIFICATE OF SERVICE

I here by certify and declare that a true and accurate copy of the foregoing certificate was placed into this institutions mail receptacle on this __18__, day of __October__ 2007, to make service on the U.S. Attorney For the District of Columbia, 555-4th Street, Northwest, Washington D.C. 20530

10-18-2007

John W. Hawthorne
Fed. Reg. # 07230-007

Sworn to and subscribed before me this 17 day of October 20 07

_Lorena J. Simon_
Notary Public

My commission expires 6-3 20 12

F-
07-2000
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
John W. Hawthorne

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
United States Parole Commission et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 07230-007

Case: 1:07-cv-02000
Assigned To : Lamberth, Royce C
Assign. Date : 11/6/2007
Description: PRO SE GEN. CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

□ A. Antitrust

□ 410 Antitrust

□ B. Personal Injury/
Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ C. Administrative Agency
Review

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If
Administrative Agency is Involved)

□ D. Temporary Restraining
Order/Preliminary
Injunction

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other)    OR    ☒ F. Pro Se General Civil

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
☒ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or
defendant
□ 871 IRS-Third Party 26
USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of
Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt
Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
Exchange
□ 875 Customer Challenge 12 USC
3410
□ 900 Appeal of fee determination
under equal access to Justice
□ 950 Constitutionality of State
Statutes
□ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ 5 million    Check YES only if demanded in complaint JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd