AO 240 (Rev. for DC 7/99) Application to Proceed

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

NOV 0 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

V.

**APPLICATION TO PROCEED IN
FORMA PAUPERIS, SUPPORTING
DOCUMENTATION AND ORDER**

Case Number 07 2000

I, **John W. Hawthorne** declare that I am the (check appropriate box)

☑ petitioner/plaintiff        ☐ movant (filing 28 U.S.C. 2255 motion)

☐ respondent/defendant        ☐ _____

                                     other

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

   1. Are you presently employed?        Yes ■    No ☐

      a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

      b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

   2. Have you received within the past twelve months any money from any of the following sources?

| | | |
|---|---|---|
| a. Business, profession or other form of self-employment? | Yes ☐ | No ■ |
| b. Rent payments, interest or dividends? | Yes ☐ | No ■ |
| c. Pensions, annuities or life insurance payments? | Yes ☐ | No ■ |
| d. Gifts or inheritances? | Yes ☐ | No ■ |
| e. Any other sources? | Yes ☐ | No ■ |

2

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in checking or savings accounts?
   Yes ☐    No ☒    (Include any funds in prison accounts.)
   If the answer is "yes," state the total value of the items owned.

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?
   Yes ☐    No ☒
   If the answer is "yes," describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10-18-2007__            _John W Hawthorne_
              (Date)                    Signature of Applicant

---

## CERTIFICATE
### (Prisoner Accounts Only)

I certify that the applicant named herein has the sum of $_____.10_____
on account to the applicant's credit at the __Rivers Correctional Inst__
institution where applicant is confined. I further certify that the applicant likewise has the following securities
to the applicant's credit according to the records of said institution:_____

_____ I

further certify that during the last six months the applicant's average balance was $__42.35__

Sworn to and subscribed before me        _C Dayla_
this _17_ day of _October_ 20_07_         Authorized Officer of Institution

_Sonena J. Simon_ ORDER OF COURT
         Notary Public

My commission expires _6-3_ 20_12_

The application is hereby denied

| The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |

_____     _____        _____     _____
United States Judge       Date            United States Judge or Magistrate Judge   Date

# United States District Court
# for the District of Columbia

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

Re: John W Hawthorne U.S. Parole Commission

Civil Action No. _____

I, John Hawthorne # 05230-00 _____, hereby consent for the appropriate prison official to withhold from my prison account and to pay the U.S. District Court an initial fee of 20 percent of the greater of:

      (a)    the average monthly deposits to my account for the sixth-month period immediately preceding the filing of my complaint; or

      (b)    the average monthly balance in my account for the sixth-month period immediately preceding the filing of my complaint.

I further consent for the appropriate prison officials to collect from my account on a continuing basis each month, an amount equal to 20 percent of each month's income. Each time the amount in the account reaches $10, the Trust Officer shall forward the interim payment to the Clerk's Office, U.S. District Court, until such time as the $250.00 filing fee is paid in full.

If appropriate, I will execute the institution consent form where I am housed, which will permit the staff to withdraw the amount ordered by this court as payment for the filing fee each month until the $250.00 filing fee is paid in full.

By executing this document, I also authorize collection, on a continuing basis, any costs imposed by the District Court.

John W. Hawthorne

Signature of Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### PRISONER TRUST ACCOUNT REPORT

Name: John W Hawthorne _____ Registration
#: 07230-007 _____

Please submit this to the trust officer of every institution in which you have been confined during the preceding six months. Submit the completed forms and supporting ledger sheets to the Court.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To:     Trust Officer
From:   Clerk, U.S. District Court for the District of Columbia

Under the Prison Litigation Reform Act (PLRA), a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the preceding six months a certified copy of the prisoner's trust account statement for the six months prior to filing of the action. 28 U.S.C. § 1915(a)(2).

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner.

BALANCE at time of filing of the action:            22.56

AVERAGE MONTHLY DEPOSITS during the
six months prior to filing of the action:            42.96

AVERAGE MONTHLY BALANCE during the
six months prior to filing of the action:            8.59

I certify that the above information accurately states the deposits and balances in applicant's trust fund account for the period shown and that the attached ledger sheets are true copies of account records maintained in the ordinary course of business.

Date: 10/10/2007

Authorized Signature: C. Douglas

Title: c/a

```
                        Resident Account Summary
                      Wednesday, October    2007  @15:12

For REG: 07230007    HAWTHORNE, JOHN
-------------------------------------------------------------------------------
Date       Transaction Description          Amount   Balance    Owed    Held    Reference
-------------------------------------------------------------------------------
10/09/2007 PAYROLL     FS AM                 19.50     22.56    0.00    0.00
10/04/2007 PAYROLL                            2.16      3.06    0.00    0.00
09/14/2007 EPR         OID:100085945-ComisaryPur -26.52  0.90   0.00    0.00
09/07/2007 PAYROLL                            1.20     27.42    0.00    0.00
09/07/2007 PAYROLL                            4.32     26.22    0.00    0.00
09/07/2007 EPR         OID:100084682-ComisaryPur -32.32 21.90   0.00    0.00
09/06/2007 PAYROLL     FS AM                 53.36     54.22    0.00    0.00
08/24/2007 EPR         OID:100082965-ComisaryPur -3.20   0.86   0.00    0.00
08/23/2007 MISC        GOLD STAR IMPORTS      -4.46      4.06    0.00    0.00
08/17/2007 EPR         OID:100082110-ComisaryPur -14.39  8.52   0.00    0.00
08/16/2007 ERF         OID:100081196-ComisaryRef  0.95  22.91   0.00    0.00
08/10/2007 EPR         OID:100081196-ComisaryPur -8.41  21.96   0.00    0.00
08/08/2007 PAYROLL     FS AM                 30.34     30.37    0.00    0.00
08/03/2007 EPR         OID:100080142-ComisaryPur -2.94   0.03   0.00    0.00
07/23/2007 ERF         OID:100077894-ComisaryRef  1.83   2.97   0.00    0.00
07/20/2007 EPR         OID:100077894-ComisaryPur -11.23  1.14   0.00    0.00
07/16/2007 ERF         OID:100076891-ComisaryRef 11.92  12.37   0.00    0.00
07/13/2007 EPR         OID:100076891-ComisaryPur -29.87  0.45   0.00    0.00
07/06/2007 DEPMO       O. TOWNES             25.00     30.32    0.00    0.00
07/06/2007 PAYROLL     FS AM                  4.80      5.32    0.00    0.00
07/06/2007 EPR         OID:100075906-ComisaryPur -0.84   0.52   0.00    0.00
06/29/2007 EPR         OID:100075067-ComisaryPur -10.26  1.36   0.00    0.00
06/25/2007 <IND POSTAG Payment for IND POSTAGE o  -1.23 11.62   0.00    0.00
06/25/2007 <IND POSTAG Payment for IND POSTAGE o  -1.23 12.85   1.23    0.00
06/25/2007 <IND POSTAG Payment for IND POSTAGE o  -1.23 14.08   2.46    0.00
06/25/2007 DEPMO       DOC                   15.31     15.31    3.69    0.00
06/20/2007 IND POSTAGE STAMPS                 1.23      0.00    3.69    0.00
06/11/2007 IND POSTAGE STAMPS                 1.23      0.00    2.46    0.00
06/05/2007 IND POSTAGE STAMPS                 1.23      0.00    1.23    0.00
05/31/2007 BAL FWD     INITIAL DEPOSIT        0.00      0.00    0.00    0.00
```

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

## Notice of Action

Name: HAWTHORNE, John

Register Number: 00219+340                    Institution: Occoquan Facility

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in September, 2000, after the service of 24 months from your parole eligibility date of September, 1998.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS**:

Base Point Score:  5
Total Point Score:  4

Under the guidelines for D.C. Code offenders, your total point score includes a deduction of 1 point for ordinary program achievement.   The guidelines for adult offenders indicate that parole should not be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your base point score of 5, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date.  A departure from these guidelines is not warranted.

See the attached sheet for your individual item points and explanations of the salient factor score, base point score and total point score.  The tables at the bottom of the sheet present the parole and re-hearing guidelines.

Exhibit A

te: September 28, 1998

Clerk: adc

HAWTHORN 010

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: Hawthorne, John
Register Number: 07230-007
DCDC No: 219-340

Institution: Rivers Correctional Institution

Date:        September 18, 2002

In the case of the above-named, the following parole action was ordered:

Reopen per 28 CFR 2.28a, new and significant information.  Void Notice of Action dated 12-05-2000, which continued your rehearing of 10-05-2000. (Progress Report dated 09-04-2002 confirms clear conduct record and ordinary program achievement.)

Withdraw warrant dated 08-28-1995 and close case on the violator term.

Parole effective 10-28-2002 on the new sentence under docket F3321-95. H

You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and/or examination to determine if you have reverted to the use of drugs or alcohol.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C.  20001

Exhibit B

R1VA7              *        PROGRAM REVIEW REPORT        *      04-17-2002
PAGE 001                                                        09:06:26

INSTITUTION: RIV  RIVERS CI

NAME.......: HAWTHORNE, JOHN                    REG. NO: 07230-007
RESIDENCE..: WASHINGTON, DC 20002

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: 10-30-2005

PROJ. RELEASE DATE..: 09-18-2004      RELEASE METHOD.: EXP FT
PAROLE HEARING DATE.: 09-00-2000      HEARING TYPE...: SIH

*no date for Sept. rehearing*

DATE OF NEXT CUSTODY REVIEW: 10-30-2002  DETAINERS (Y/N) Y  - Parole warrant

CIM STATUS (Y/N)....: N        IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.....: yes - detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: Y

     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | | CURRENT ASSIGNMENT | EFF DATE | TIME |
|---|---|---|---|---|
| CUS | IN | IN CUSTODY | 10-19-1999 | 0851 |
| EDI | GED UNK | GED STATUS UNKNOWN | 10-20-1999 | 1358 |
| FRP | UNASSG | FINANC RESP-UNASSIGNED | 07-01-1999 | 1451 |
| LEV | LOW | SECURITY CLASSIFICATION LOW | 07-01-1999 | 1510 |
| MDS | NO F/S | NO FOOD SERVICE WORK | 04-04-2002 | 1457 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 04-04-2002 | 1456 |
| QTR | B05-207U | HOUSE B/RANGE 05/BED 207U | 04-08-2002 | 2104 |
| RLG | UNKNOWN | RELIGION UNKNOWN | 07-01-1999 | 1451 |
| WRK | A&O | ADMISSION AND ORIENTATION | 04-04-2002 | 1220 |

WORK PERFORMANCE RATING: None to compare

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: 0

Previous Release Paperwork

Back

# SMART
## Field Supervision - Running Record

Page 6

**Offender Data**

| | | |
|---|---|---|
| Name: JOHN HAWTHORNE | CSO Name: Khan, Saher - CSO | Printed By: Khan, Saher - CSO |
| PDID: 352-915 | Location: HB /14 | Date/Time: 10/27/2005 9:41:33 AM |
| DCDC:219-340 | DOB: 2/27/1958 | |
| FBI: 443659EA2 | | |
| SSN: 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 | | |

**Contact Data**

| Contact Date | Next Contact Date/Time | Type of Contact | Contacted By | Contact With | Location | Purpose |
|---|---|---|---|---|---|---|
| 11/1/2002 | - | Telephone | Davis, W. Bernard | CSO | Supervision Office | To Be Researched |
| Notes: | CSO conferred with CSO Ingram . She stated that this case would be assigned to a PSA by Ms. Durbin. CSO called Ms. Durbin and left message as to which PSA this case was assigned. | | | | | |
| 11/1/2002 | - | Telephone | Davis, W. Bernard | Other Person | Supervision Office | To Be Researched |
| Notes: | Contacted Rivers Correctional Institute in NC. Offender is to be released today and has instructions where to report in DC. CSO discovered that this is a Parole Case in SCSO's Partner's office. Release Plan has been completed. | | | | | |
| 10/30/2002 | - | Field Note | Portner, Mary Anna | No Contact | Supervision Office | Case Review |
| Notes: | Release plan approval memo reviewed and signed for PED of 10-30-02 and FT Exp., 9-18-04. | | | | | |
| 10/30/2002 | - | Field Note | Ingram, Thressia | No Contact | CSOSA | Investigation |
| Notes: | Plan approved & submitted to supervisor for review. | | | | | |
| 10/29/2002 | - | Home Visit | Ingram, Thressia | Aunt | Residence | Investigation |
| Notes: | HV made to the proposed address of 4916 Minnesota Avenue, NE & met with the inmate's aunt, Veronica Harris who verified that the inmate could reside at the above address upon his release. | | | | | |
| 10/28/2002 | - | Telephone | Portner, Mary Anna | Aunt | Supervision Office | Investigation |
| Notes: | Telephone contact with offender's aunt, Veronica Harris to schedule a home visit on 10-29-02 at 2pm. Ms. Harris indicated she lives alone in a house and would be available to meet at the scheduled time. | | | | | |
| 10/28/2002 | - | Telephone | Portner, Mary Anna | Law Enforcmt Officer | Supervision Office | Board/Administration |
| Notes: | Telephone contact with case manager, Stephen Dorsey at Rivers, C.I. where offender is confined. Mr. Dorsey inquired about status of release plan investigation that he faxed to the Data Management Group on 9-22-02. I indicated that DMG did not forward this release plan to TIPS and perhaps never received the plan. Mr. Dorsey indicated offenders release date is for 10-28-02 to parole. Mr. Dorsey informed we would expedite this investigation with a response within this week. Mr. Dorsey agreed to this plan.    Case assigned to CSo Ingram for expedited investigation. | | | | | |
| 10/21/2002 | - | Field Note | Herbert, Diane | None | CSOSA | Case Assignment |
| Notes: | This is a split sentence case. Case transferred from team # 17 and assigned to CSO D. Epps this date. | | | | | |
| 8/20/2002 | - | WALES/NCIC | Epps, James | No Contact | Supervision Office | Investigation |
| Notes: | An investigation into CIS and NCIC reveals that Mr. Hawthorne is currently wanted in FL for larceny. JACCS reveals that he is incarcerated in an unlisted federal facility with an STD of 09/20/98 and an FTD of 09/20/04. His status will be changed in the computer to monitored-confined. | | | | | |
| 7/16/2002 | - | Interagency | Lee, Sylvia | No Contact | Supervision Office | Investigation |
| Notes: | This is a split sentence case supervised by CSO Sylvia P. Lee. Defendant John Hawthorne is incarcerated at Petersburg Med FCI in Petersburg, VA with a projected release date of 9/20/2004. | | | | | |
| 9/21/2001 | - | Field Note | Thomas, Denise | No Contact | Supervision Office | Case Review |
| Notes: | OASIS MANAGMENT PROJECT COMPLETED CASE ASSIGNMENT AND STATUS CHANGE. | | | | | |

*Handwritten annotations:* Plaint, FFs till at Rivers / At Rivers / Defendants have no idea where plaintiff is incarcerated, / exhibit D / not at this location Petersburg FCI

The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C. §552a (2000).

Page 6

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION
SERVICES DIVISION
CLARKSBURG, WV  26306

DC001041C
PART 5

PCN 981946653217

- FBI IDENTIFICATION RECORD - FBI NO-443659EA2


AGENCY-POLICE DEPARTMENT WASHINGTON (DCMPD0000)
   AGENCY CASE-352015
   CHARGE 1-BURGLARY TWO PAROLE VIOLATION

COURT-

             DISPOSITION-
   CHARGE-ATTEMPTED BURGLARY II
   SENTENCE-
   06-06-96 1-3 YEARS SENTENCE
             DISPOSITION-
   CHARGE-BURGLARY TWO PAROLE VIOLATION
   SENTENCE-
   06-06-96 SENTENCED 2-6YRS CONSECUTIVELY,BAIL REFORM ACT IMPOSITION
   SENTENCED 1YR PROBATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*            WANTED
*
*  CONFIRM THAT WARRANT IS STILL OUTSTANDING                        *
*                                                                   *
*  AGENCY-BOARD OF PAROLE WASHINGTON (DC001011G)                    *
*  WANTED-NCIC #W888522926                                          *
*  HAWTHORNE,JOHN WILLIE                                            *
*  PAROLE VIOLATION                                                 *
*  CASE #P2835695                                                   *
*  DATE OF WARRANT 082895                                           *
*  NOTIFY BOARD OF PAROLE WASHINGTON DIST OF COLUMBIA               *
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RECORD UPDATED 1995/11/02


ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.



*Court Services and Offender Supervision Agency*

for the District of Columbia

*Office of the General Counsel*

*ATTN: FOIA/PRIVACY OFFICE*

July 17, 2007

Deborah Ritter
Staff Attorney
Public Defender Service
633 Indiana Avenue, NW
Washington, DC  20004

Request No. 07-FOI-00416
John Hawthorne, DCDC 219-340

Dear Ms. Ritter:

       This is in response to your June 29, 2007, Privacy Act request. Specifically, you requested a copy of the supervision records maintained by Community Supervision Services on the above-named individual.

       We have located 45 pages responsive to your request.  We are releasing 42 pages in their entirety and 3 pages have been excised pursuant to:

- (b)(6) - Permits withholding of records and information about individuals when disclosure would be a clearly unwarranted invasion of personal privacy.:3
- (b)(7)(C) - Permits withholding of records when an unwarranted invasion of personal privacy could reasonably be expected.:3
- We have also withheld one page pursuant to 5 U.S.C. § 552 (b)(6) and (b)(7)(C).

       We have referred 26 pages to the Federal Bureau of Prisons for their release determination and direct response to you.

       With regards to Mr. Hawthorne's drug testing procedures, please provide the dates of testing in question.

       This partial denial may be appealed to the General Counsel within 30 days of the receipt of this letter.  The appeal should be addressed to the General Counsel, Court Services and Offender Supervision Agency,

633 Indiana Avenue, NW, Room 1220, Washington, DC 20004.  Both the envelope and letter of appeal itself must be clearly marked "Privacy Act Appeal" and should reference the request number listed above.

Sincerely,

Renee Barley
FOIA Officer

2.14 Subsequent Proceedings

(i) In the case of a prisoner with a maximum term or terms of less than seven years, every eighteen months (until released);

(ii) In the case of a prisoner with a maximum term or terms of seven years or more, every twenty-four months (until released);

(iii) In the case of a prisoner with an unsatisfied minimum term, the first interim hearing shall be scheduled under paragraphs (a)(1)(i) or (ii) of this section, or on the docket of hearings that is nine months prior to the month of parole eligibility, whichever is later.

(2) Following an interim hearing, the Commission may:

(i) Order no change in the previous decision;

(ii) Advance a presumptive release date, or the date of a fifteen year reconsideration hearing. However, it shall be the policy of the Commission that once set, a presumptive release date or the date of a fifteen year reconsideration hearing shall be advanced only: (1) For superior program achievement under the provisions of §2.60; or (2) For other clearly exceptional circumstances.

(iii) Retard or rescind a presumptive parole date for reason of disciplinary infractions. In a case in which disciplinary infractions have occurred, the interim hearing shall be conducted in accordance with the procedures of §2.34(c) through (f). (Prior to each interim hearing, prisoners shall be notified on the progress report furnished by the Bureau of Prisons that any finding of misconduct by the Discipline Hearing Officer since the previous hearing will be considered for possible action under this paragraph);

(iv) If a presumptive date falls within nine months after the date of an interim hearing, the Commission may treat the interim hearing as a pre-release review in lieu of the record review required by paragraph (b) of this section.

(b) *Pre-Release reviews.* The purpose of a pre-release review shall be to determine whether the conditions of a presumptive release date by parole have been satisfied.

(1) At least sixty days prior to a presumptive parole date, the case shall be reviewed on the record, including a current institutional progress report.

(2) Following review, the Regional Commissioner may:

(i) Approve the parole date;

(ii) Advance or retard the parole date for purpose of release planning as provided by §2.28(e);

(iii) Retard the parole date or commence rescission proceedings as provided by §2.34;

(iv) Advance the parole date for superior program achievement under the provisions of §2.60.

(3) A pre-release review pursuant to this section shall not be required if an in-person hearing has been held within nine months of the parole date.

(4) Where: (i) There has been no finding of misconduct by the Discipline Hearing Officer nor any allegation of criminal conduct since the last hearing; and (ii) No other modification of the release date appears warranted, the Executive Hearing Examiner may act for the Regional Commissioner under paragraph (b)(2) of this section to approve conversion of the presumptive parole date to an effective date of parole.

(c) *Fifteen year reconsideration hearings.* A fifteen year reconsideration hearing shall be a full reassessment of the case pursuant to the procedures at §2.13.

① Not withstanding a previously ordered presumptive release date or 15year reconsideration hearing interim hearing shall be conducted by an examiner pursuant to the procedures § 2.13 b, c, e, F, at the following intervals from the date of the last hear

8/15/03 Page 18

(1) A fifteen year reconsideration hearing shall be ordered following initial hearing in any case in which a release date is not set.

(2) Following a fifteen year reconsideration hearing, the Commission may take any one of the actions authorized by §2.12(b).

*Notes and Procedures*

▌2.14-01. *Statutory Interim Hearing.*

(a) Statutory interim hearings are scheduled each 18th or 24th month (or the preceding month when the examiner(s) does not visit the institution during the specified month) after the month of any previous hearing, with the exception provided in the rule for a prisoner with an unsatisfied minimum term.

(b) Where a statutory interim hearing is scheduled for a time subsequent to a presumptive date record review, the statutory interim hearing shall be canceled if the record review results in an effective parole date. [For example, a prisoner is scheduled for a presumptive date after 21 months (with a statutory interim hearing at 18 months). During the 12th month, a presumptive date record review is conducted, and the effective parole date is approved. The statutory interim hearing is not to be conducted.] If the prisoner has already been docketed for a statutory interim hearing, the institution shall delete his name from the docket upon receipt of the notice of the approved effective date. [See 18 U.S.C. 4208(a)].

(c)  Following a Statutory Interim Hearing, the Commission may–

(1) Make no change in a presumptive parole date, "Continue to Expiration" decision, or date of a fifteen-year reconsideration hearing.  A presumptive parole date that is within nine months may be changed to an effective parole date.

(2) On the basis of new criminal conduct or disciplinary rule infraction(s) (under § 2.36): (A) retard a presumptive parole date; or (B) change a presumptive parole date to a "Continue to Expiration" decision or "Fifteen-Year Reconsideration Hearing."

(3) On the basis of superior program achievement (under § 2.60) or other clearly exceptional circumstances: (A) advance a presumptive parole date (and, if the new date is within nine months, change it to an effective parole date); (B) change a "Continue to Expiration" decision to a presumptive or effective parole date; or (C) advance the date of a fifteen-year reconsideration hearing.

▌2.14-02. *Statutory Interim Hearings for Mixed Parolable and Non-Parolable Sentences.* Statutory interim hearings will be scheduled every 18 or 24 months, depending upon the length of the parole eligible sentence(s). However, if the prisoner has not reached his parole eligibility date (due either to the non parolable sentence or the minimum term on the parolable sentence), the first statutory interim hearing will be held after 18 or 24 months (as applicable), or on the docket of hearings that is nine months prior to the parole eligibility date, whichever is later.

▌2.14-03.   *Pre-Release Record Review.*  Pre-release record reviews generally are conducted nine months prior to the presumptive parole date. Following a pre-release record review (a record review which may be conducted by an examiner or analyst), the Regional Commissioner may: (1) Approve the release date [order an "effective" date]; (2) Approve an effective parole, but advance or retard the release date for release programming, or advance the release date for superior program achievement pursuant to 28 C.F.R. 2.60; (3) Approve an effective parole, but retard the release date for not more than 90 days without a hearing on account of disciplinary infractions; or (4) Schedule a rescission hearing.

▌2.14-04. *Delegation to Correct Certain Omissions.*  A Regional Commissioner may delegate to an examiner or analyst the authority to add any special conditions that have been omitted from the previous Notice of Action but clearly were ordered by the Commissioner.  A note will be entered into the file to reflect this action.

# ▌§2.15 PETITION FOR CONSIDERATION OF PAROLE PRIOR TO DATE SET AT HEARING.

**When a prisoner has served the minimum term of imprisonment required by law, the Bureau of Prisons may petition** the responsible Regional Commissioner for reopening the case under §2.28(a) and consideration for parole prior to the