UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. HAWTHORNE, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES PAROLE )<br>COMMISSION, et al., )<br><br>Defendants. ) | Civil Action No. 07-2000 (RCL) |

## **GOVERNMENT DEFENDANTS' MOTION TO DISMISS**

Plaintiff appears to bring this action against the United States Parole Commission ("USPC"), Edward Reilly, Jr., Chairman, United States Parole Commission ("Reilly"), Court Services Offender Supervisory Agency ("CSOSA") and an unnamed Warden ("Warden") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fifth and Fourteenth Amendment rights and the Ex Post Facto Clause of the United States Constitution in denying him a rehearing for parole. Defendants USPC, Reilly and CSOSA (collectively, "Government Defendants") hereby move pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6) to dismiss the complaint for lack of jurisdiction over the subject matter of this action and for failure to state a claim upon which relief can be granted.

In support of this Motion, Government Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and exhibits attached thereto. Because this is a dispositive motion, Government Defendants have not sought Plaintiff's consent. *See* L. Civ. R. 7(m).

Dated: February 8, 2008
      Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


        /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


        /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN W. HAWTHORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2000 (RCL) |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT DEFENDANTS' MOTION TO DISMISS

For the reasons stated below, Defendants United States Parole Commission ("USPC"), Edward Reilly, Jr., Chairman, United States Parole Commission ("Reilly"), and Court Services Offender Supervisory Agency ("CSOSA")[1] (collectively, "Government Defendants")[2] hereby respectfully move, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6), to dismiss the complaint ("Complaint") filed by Plaintiff John W. Hawthorne ("Plaintiff") in this action.

## PRELIMINARY STATEMENT

This case arises from USPC's alleged failure to give Plaintiff a rehearing concerning his parole from March 2000 to October 2002. It appears from the Complaint that Plaintiff believes

---

[1]     Although the U.S. Attorney's Office was served with the Complaint, there is no record that CSOSA has been served with the Complaint as required by Rule 4(i)(2)(A). Accordingly, Plaintiff should be ordered to cure this defect of service in a reasonable amount of time, pursuant to Rule 4(i)(3)(A).

[2]     Plaintiff also includes an unnamed "Warden" as a defendant in the caption of the Complaint. *See* Compl. at 6. Plaintiff, however, does not identify the "Warden" with any more specificity, and states no substantive allegations against such individual. Accordingly, "Warden" should be dismissed. To the extent Plaintiff's reference to "Warden" is meant as a reference to George Snyder, Warden, Rivers Correctional Institution in Winton, NC, Plaintiff's claim against Warden Snyder is untenable for the reasons stated in his separately-filed Motion to Dismiss and supporting materials.

that such a failure violated Plaintiff's rights under the Fifth and Fourteenth Amendments and the Ex Post Facto Clause of the United States Constitution. Accordingly, Plaintiff attempts to a state claim pursuant to 42 U.S.C. § 1983 based upon such constitutional violations, seeking compensatory and punitive damages. Plaintiff also conclusory alleges that the Government Defendants violated 42 U.S.C. § 1985, but fails to explain the basis for such a conclusion. *See* Compl. at 7.[3] Accordingly, the only articulated claim in the Complaint is premised upon an alleged violation of §1983. For a number of reasons, Plaintiff's claim is untenable.

*First*, this Court lacks subject matter jurisdiction to hear Plaintiff's claim. That is, the United States has not waived sovereign immunity as to Plaintiff's claim, and thus, this Court lacks the jurisdiction to entertain such a claim.

*Second*, even if this Court were to have jurisdiction over Plaintiff's claim, Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff has not alleged a cognizable property or liberty interest that could serve as a basis for his claim. Indeed, the procedural due process protections of the Constitution do not apply to Plaintiff's parole rehearing.

*Third*, Plaintiff's claim is barred by the applicable statute of limitations. Plaintiff seeks relief for acts that occurred before he was paroled in October 2002 -- *i.e.*, more than 5 years before the Complaint was filed. Accordingly, because a three-year statute of limitations applies to Plaintiff's claim, such claim is barred.

---

[3]       Clearly, this simple legal conclusion is insufficient to state a claim. *See infra* at I.B. Moreover, to sustain a § 1985 claim a plaintiff must show: (a) that plaintiff is a member of a protected class; (b) defendant(s) conspired to deprive the plaintiff of his constitutional rights; (c) defendant acted with a class-based discriminatory intent; and (d) the plaintiff sustained damages. 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 102-3 (1971). The Complaint, however, does not allege any facts that could support such a claim.

# BACKGROUND[4]

Prior to the relevant period of incarceration that this action concerns, Plaintiff was convicted on theft-related counts in four separate actions.[5]  After being incarcerated on those convictions, Plaintiff was paroled by the former District of Columbia Board of Parole ("Board") on September 9, 1994.  *See* Certificate of Parole of 05/24/1994, Attached Ex. 5.  Less than one-year later, the Board issued a warrant for Plaintiff for an alleged parole violation on August 28, 1995.  *See* Warrant of 08/28/1995, Attached Ex. 6.  Thereafter, on June 6, 1996, Plaintiff was sentenced by the Superior Court to a 6-year prison term for burglary II, and a 3-year consecutive prison term for attempted burglary II.  *See* JCP Orders of 06/06/1996, Attached Ex. 7.

Plaintiff was given an initial parole hearing on August 26, 1998 by an examiner of the USPC on his 1996 sentences.  *See* Init. Hr'g Summary of 08/26/1998, Attached Ex. 8.  By a

---

[4]    Although Government Defendants believe that materials outside the Complaint are unnecessary to the Court's consideration of this Motion, Government Defendants provide this Background and the cited exhibits to provide the Court some context for Plaintiff's claim.  However, to the extent that the Court deems it necessary to rely upon such evidence, it may do so and enter summary judgment in favor of the defendants.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should take notice that any factual assertions contained in the documents attached to this motion may be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in such documents.  *See Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h) and Fed. R. Civ. P. 56(e).  Rule 56(e)(2) provides:

> (2) Opposing Party's Obligation to Respond.  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

[5]    Specifically, Plaintiff John Hawthorne was sentenced on March 19, 1990, to a three-year prison term by the Superior Court of the District of Columbia for first-degree theft.  *See* Judgment & Commitment/Probation Order ("JCP Order") of 03/19/1990, attached hereto at Ex. 1 ("Attached Ex. 1").  On April 24, 1990, he was sentenced by the Superior Court to a 10-month term in a halfway house for attempted burglary and second-degree theft.  *See* JCP Order of 04/20/1990, Attached Ex. 2.  On March 3, 1992, Plaintiff was sentenced by the Superior Court to consecutive one-year prison terms for two counts of attempted second-degree burglary.  *See* JCP Order of 03/03/1992, Attached Ex. 3.  On October 29, 1992, he was sentenced by the Superior Court to a 6-month jail term

notice of action dated September 28, 1998, the USPC informed Plaintiff that he was denied parole and continued for a rehearing in September 2000. *See* Notice of Action, Attached Ex. 9. Plaintiff was given a rehearing on October 5, 2000. *See* D.C. Rehearing/Rescission Hearing Summary of 10/05/2000, Attached Ex. 10. On December 5, 2000, the USPC continued Plaintiff's case to a later docket so that a current progress report on Plaintiff as a prisoner could be obtained. *See* Notice of Action of 12/05/2000, Attached Ex. 11.

After a delay in rescheduling Plaintiff's case for a rehearing, on September 19, 2002, the USPC issued a notice of action reopening Plaintiff's case, voiding the decision for a rehearing, and paroling Plaintiff on October 28, 2002. *See* Notice of Action of 09/18/2002, Attached Ex. 12. The USPC also withdrew the parole violator warrant issued by the Board in August 1995. *Id.* Plaintiff was paroled on October 30, 2002, according to a parole certificate issued that same day. *See* Certificate of Parole of 10/30/2002, Attached Ex. 13.

Subsequently, the USPC issued a parole violator warrant for Plaintiff on November 24, 2003, charging him with use of cocaine, burglary II, theft, possession of burglary tools, and destruction of property. *See* Warrant Application of 11/24/2003, Attached Ex. 14; Warrant of 11/24/2003, Attached Ex. 15. Plaintiff was arrested on that violator warrant on March 6, 2007, following his release from a state prison term in Maryland on charges related to those noted in his parole violator warrant of November 2003. *See* Warrant of 03/06/2007, Attached Ex. 16. Thereafter, in April 2007 Plaintiff's parole was revoked, Plaintiff served additional time in prison, and was reparoled on November 7, 2007. *See* Attached Exs. 17-22 for details concerning Plaintiff's latest period of incarceration.

---

for unlawful entry and a 90-day jail term for walking away from a halfway house. *See* JCP Orders of 10/29/1992, Attached Ex. 4.

## SUMMARY OF ALLEGATIONS

This case pertains to the failure to give Plaintiff a rehearing in late 2000 or early 2001 after the USPC continued his case from a rehearing conducted in October 2000 and before Plaintiff was paroled in October 2002. Compl. at 5. Plaintiff brings this purported civil rights action under 42 U.S.C. §1983 against the Government Defendants seeking compensatory and punitive damages for alleged constitutional violations in denying him a rehearing for parole. *See id*. at 7. Plaintiff appears to assert that he was denied a "liberty interest" when the USPC falsely claimed he was given a rehearing, that the reopening of his case under 28 C.F.R. §2.28(a) was "bogus and fabricated," that he was incarcerated beyond the date of his scheduled rehearing for no justifiable reason, and that the Government Defendants somehow violated the Ex Post Facto Clause of the Constitution by not granting him a rehearing.[6] *Id.* at 20-21, ¶¶ 1-5. Based upon these allegations, Plaintiff seeks "compensatory and punitive damages of $2,000,000 and $3,000,000[, respectively.]" *Id.*

## ARGUMENT

Plaintiff's claim is barred on numerous grounds, and thus dismissal is proper.

## I.    Motion to Dismiss Standard.

### A.    Lack of Subject Matter Jurisdiction.

As this Court has held, "the court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority[.]" *Judicial Watch, Inc. v. U.S. Food & Drug Admin.*, 514 F. Supp. 2d 84, 86 (D.D.C. 2007) (Lamberth, J.). On a motion to dismiss under

---

[6]    Plaintiff has utterly failed to explain how any alleged act violated the Ex Post Facto Clause. As noted below, Plaintiff's mere legal conclusion that Governmental Defendant's somehow violated the Ex Post Facto Clause is insufficient to state such a claim. *See infra* at I.B.

Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, "[a] plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 2d ---, 2007 WL 4374030, at *2 (D.D.C. Dec. 17, 2007) (Lamberth, J.).  That is, "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 18 (D.D.C. 2007) (Urbina, J.) (internal quotations omitted).  Indeed, "[a] court must dismiss a claim if it does not possess subject matter jurisdiction to hear and decide the dispute due to a defendant's immunity from suit." *Oster v. The Republic of South Africa*, --- F. Supp. 2d ---, 2007 WL 4616672, at *2 (D.D.C. Dec. 31, 2007) (Roberts, J.) (dismissing claims for lack of subject matter jurisdiction). For the reasons stated below, the Court lacks subject matter jurisdiction over this action.

> **B.    Failure to State A Claim Upon Which Relief Can Be Granted.**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007), *citing Twombly*.  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claim for relief. *Id.*  Indeed, "[w]hile a complaint need not plead 'detailed factual allegations,' the factual allegations it does include 'must be enough to raise a right to relief above the speculative level' and to 'nudge . . . claims

- 6 -

across the line from conceivable to plausible.'" *Elemary v. Phillipp Holzmann A.G.*, --- F. Supp. 2d ---, 2008 WL 316376, at *10 (D.D.C. Feb. 6, 2008) (Lamberth, J.), *quoting Twombly*.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004), *citing Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.* For the reasons stated below, even if this Court has subject matter jurisdiction, Plaintiff has failed to plead a claim upon which relief can be granted.

## II.     **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim.**

Plaintiff's claim must be dismissed for lack of subject matter jurisdiction due to sovereign immunity. As Judge Bates described in *Fletcher v. District of Columbia*, 481 F. Supp. 2d 156, 161 (D.D.C. 2007):

> The United States is immune from suit absent its explicit consent to be sued. *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981); *Kugel v. United States,* 947 F.2d 1504, 1506 (D.C. Cir. 1991). Sovereign immunity bars all suits against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver of immunity. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). A waiver of "sovereign immunity must be unequivocally expressed in statutory text" and will not be implied. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1105 (D.C. Cir. 2005) (citations omitted). The scope of a sovereign immunity waiver is to be strictly construed in favor of the sovereign. *Dep't of the Army v. Blue Fox,* 525 U.S. 255, 261 (1999). The sovereign's consent to a

particular remedy must also be unambiguous.  *Dep't of the Army v. Fed. Labor Relations Auth.*, 56 F.3d 273, 277 (D.C. Cir. 1995).

**A.      Plaintiff's Claim Against USPC and CSOSA Are Barred.**

When courts, including this Court, have applied this standard to § 1983 claims against the USPC, they have concluded that such claims are barred by sovereign immunity.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005); *Ali v. U.S. Parole Comm'n*, Civ. A. No. 06-0235 (RCL), 2007 WL 902312 (D.D.C. Mar. 23, 2007) (Lamberth, J.); *Fletcher*, 481 F. Supp. 2d at 161.  Similarly, because CSOSA is a federal agency, Plaintiff's claim against it should likewise be dismissed.  *See* 28 C.F.R § 800.1 ("The National Capital Revitalization and Self-Government Improvement Act of 1997 . . . established the Court Services and Offender Supervision Agency for the District of Columbia ('CSOSA') within the federal government as an independent executive branch agency[.]").[7]

**B.      Plaintiff's Claim Against Defendant Reilly Is Barred.**

Sovereign immunity also bars the damages suit against Defendant Reilly as a government official.[8]  Indeed, Plaintiff's claim is the equivalent of an action against the government itself because any monetary recovery would come from the U.S. treasury.  *See Kentucky v. Graham,*

---

[7]      Plaintiff's claim against CSOSA and the USPC are also barred because neither of these agencies are "persons" under § 1983.  *See Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998) (agency not a "person" under § 1983)*; Hoffman v. U.S. Dep't of Housing & Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975) (same).

[8]      Even at its most generous reading, there is no indication from the Complaint that Plaintiff is suing Defendant Reilly in his individual capacity.  Furthermore, even if Defendant Reilly is being sued in his individual capacity, Plaintiff has failed to effect proper service of process upon him pursuant to Rule 4(i)(2)(B), which requires personal service or service at a defendant's home for individual capacity suits.  *See* Docket Entry No. 7 at 2 (indicating service by certified mail to Defendant Reilly's business address); *see also Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (defendants in *Bivens* action must be served as individuals, pursuant to Fed. R. Civ. P. 4(e)); *Leichtman v. Koons*, 527 A.2d 745, 747 & n.5 (D.C. 1987) (office employee with authority to receive business mail does not, by virtue of that position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).  Moreover, any individual capacity claim against Defendant Reilly would fail due his absolute and qualified immunity.  *See Fletcher*, 481 F. Supp. 2d at 165-68.

473 U.S. 159, 165-66 (1985); *Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C.Cir.1996). Accordingly, Plaintiff's claim against Defendant Reilly is barred. *See Ali*, 2007 WL 902312, at *2 (barring § 1983 claim seeking money damages against Defendant Reilly on sovereign immunity grounds); *Fletcher*, 481 F. Supp. 2d at 162.[9]

### III.    Plaintiff's Claim Fails as a Matter of Law.

Regarding the merits of his complaint, Plaintiff has failed to state a claim upon which relief can be granted. Based upon a most generous interpretation of the Complaint, it appears Plaintiff alleges a violation of his due process rights under the Fifth and Fourteenth Amendments when the USPC denied a "liberty interest" in failing to conduct a rehearing in 2000-01.[10] Even if Plaintiff's allegations were true, which they are not, such a claim is not viable.

As the D.C. Circuit has held, no liberty interest in parole exists for a D.C. Code offender. *See Price v. Barry*, 53 F.3d 369, 370-71 (D.C. Cir. 1995) ("The main question presented by this appeal is whether the District of Columbia Code creates a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment. We hold that it does not. . . . [T]he District of Columbia Code under no circumstances compels the [USPC] to grant a prisoner release. It therefore creates no 'expectancy of release' entitling a prisoner to due process protections."); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) ("we hold that the [D.C. parole] regulations do not give any prisoners a liberty interest in parole"). Moreover, even if the USPC technically violated certain of its own procedures (which it did not), in the

---

[9]    Plaintiff's claim against Defendant Reilly is also barred because this Court lacks personal jurisdiction over him. *See Ali*, 2007 WL 902312, at *2-3 (finding the Court lacked personal jurisdiction over Defendant Reilly).

[10]    Plaintiff has utterly failed to allege that CSOSA was involved in USPC's failure to hold Plaintiff's parole rehearing. For this independent reason, the claim against CSOSA should be dismissed, as Plaintiff has failed to meet the applicable pleading standard as to CSOSA. *See supra* at I.B.

absence of a protected liberty interest, such a violation does not give rise to a § 1983 claim. *Ellis*, 84 F.3d at 1420 ("[i]n the absence of a due process violation, the district court had no authority to order the Board [now the USPC] to comply with its own procedures. The mere fact that a state or local government has established certain procedures does not mean that those procedures thereby become substantive liberty interests entitled to federal constitutional protection.").  Indeed, "[i]t is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures." *Thompson v. D.C. Dep't of Corrections*, 511 F. Supp. 2d 111, 113 (D.D.C. 2007) (Lamberth, J.). Accordingly, Plaintiff cannot establish that the USPC violated due process in failing to give him a rehearing.

## IV.    **Plaintiff's Claim is Barred By the Statute of Limitations.**

Plaintiff's claim is untimely under the applicable three year statute of limitations.  "'The Supreme Court has held that . . . claims under § 1983 are governed by' the relevant state's 'residual or general personal injury statute of limitations[.]'"  *Singletary v. District of Columbia*, 351 F.3d 519, 529 (D.C. Cir. 2003), *quoting Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998).  The general personal injury statute of limitations for the District of Columbia (*i.e.,* the relevant "state") is three years.  *See Singletary*, 351 F.3d at 529, *citing* D.C. Code § 12-301(8).  Accordingly the applicable statute of limitations for Plaintiff's sole claim is three years. *See Fletcher*, 481 F. Supp. 2d at 171 ("The District of Columbia's three-year statute of limitations applies to plaintiff's claims under 42 U.S.C. § 1983[.]"), *citing Singletary*.

When this statute of limitations is applied to Plaintiff's claim, it is clear that such claim is time barred. The alleged violation of Plaintiff's constitutional rights, based upon an alleged failure to conduct a parole rehearing, necessarily occurred before Plaintiff was paroled in October 2002. Indeed, Plaintiff alleges that he was paroled on October 28, 2002, after defendants allegedly discovered their error and reopened his case. Compl. at 8-9, 19. Because the alleged wrongful acts occurred before October 2002, more than 5 years before Plaintiff filed this action, Plaintiff's claim is time barred under the applicable three-year statute of limitations.

## <u>CONCLUSION</u>

For the reasons stated above, Government Defendants respectfully ask this Court to dismiss the Complaint with prejudice.

Dated: February 8, 2008
         Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/

BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

- 11 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2008, a true and correct copy of

the above Government Defendant's Motion to Dismiss, with supporting materials, was served

upon *pro se* Plaintiff John W. Hawthorne, by first class United States mail, postage prepaid, to:

John W. Hawthorne (No. 07230007)
REENTRY SANCTION CENTER, Unit 7
633 Indiana Avenue, NW
Karrick Hall Building No. 17
Washington, DC 20004


Respectfully submitted,


_____/s/_____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America

District of Columbia

vs.

*John W. Hawthorne*

Case No. *F-2077-86 C*

PDID No. *35-2015*

Mod 72

*Probation Revoked*

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____

*Count C      First Degree Theft*

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count C.*
*Not less Than One (1) Year, Not More Than Three (3) years To run Consecutive To any other Sentence now being served*

☐ **MANDATORY MINIMUM** term of _____ applies to the sentence imposed.

☑ **MANDATORY MINIMUM** term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

    ☐ Observe the general conditions of probation listed on the back of this order.

    ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

    ☐ Treatment for ☐ alcohol problems ☑ drug dependency or abuse as follow AEP

    ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

    ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials and that the copy shall serve as the commitment/order for the defendant.

*3-19-90* **Exhibit** *1*
Date                                  Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*3-19-90*
Date                                    Deputy Clerk

SCC-137

219-340

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**RETURN TO JAIL**

United States of America,
District of Columbia

Case No. F56970

vs.    **DATE**    PDID No. 352-015

John Willie Hawthorn

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of
COUNT D - ATTEMPTED BURGLARY SECOND DEGREE
COUNT E - THEFT SECOND DEGREE
and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to COUNT D -
10 (Ten) MONTHS IN A HALFWAY HOUSE WORK RELEASE
ORDERED. CONCURRENT TO COUNT E. COUNT E -
10 MONTHS HALFWAY HOUSE. WORK RELEASE ORDERED
SENTENCE IS TO RUN CONCURRENT TO ANY OTHER SENTENCE

12-19-93
1-12-94

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

4/24/90
Date

**Exhibit ___ 2**

C K Kelly
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

4/20/90
Date

Sandra Howard
Deputy Clerk

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

vs.                                    # 100 CC

John Hawthorne

Case No. F 694 91 I, J

PDID No. 352 015

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
I, Attempt Second Degree Burglary
J, Attempt Second Degree Burglary

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

As to Ct. I one (1) year consecutive to Ct. J
As to Ct. J one (1) year consecutive to Ct. I
Work Release order, hours to be determined
by the Department of Corrections
PSI waived.

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☒ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
  Drug Testing

  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials and that the copy shall serve as the commitment/order for the defendant.

March 3, 1992
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

March 3, 1992
Date

Exhibit 3

_____
Deputy Clerk

319340
CDF

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia
vs.

Case No. M13404-92
PDID No. 352-015

John Hawthorne PSP Waived #31

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

Ct C Unlawful Entry

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

Ct C Six (6) months to run consecutive to any other sentence serving

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

10-29-92
Date

Exhibit 4

Judge _____

Certification by Clerk pursuant to Criminal Rule 32(d).

10-29-92
Date

Deputy Clerk

219340
CDF

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F-____-91

vs.

PDID No. 352-015

John Hawthorne        PSI waive   # 31

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of ____
Ct C Walking Away from A Halfway House

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to ____
Ct C Ninety (90) Days to Run Consecutive To Any other sentence serving

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: ____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to ____

☐

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

10-29-92
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

10-29-92
Date

_____
Deputy Clerk



PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE
Certificate-Adult-15007-94

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____Hawthorne, John_____ D.C.D.C. ____219-340____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ____September 9,_____, 19_94__, and that said person remain under

supervision within the limits of the ____Washington, Metro Area____ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until ____September 22,_____, 19_96__; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this ____25th,_____ day

of ____May_____, 19_94__.

The above-named was released on

the _____ day of _____, 19____.

_____

          Administrator

**Exhibit   5**

81—PS804

## DISTRICT OF COLUMBIA BOARD OF PAROLE

## WARRANT    Number ___PE_28356-95___

**TO:** Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

**RE:** **NAME:** Hawthorne, John        DCDC # ___219-340___

ALIAS: _____        PDID # ___352-015___

_____        FBI # ___443-659-EA2___

**LAST KNOWN ADDRESS:** _____        DOB: ___02-27-58___
510 2st Street N.W.  #B1

_____        RACE: Black   SEX: Male

**PAROLE OFFICER:** James Epps        HGT: 6'0   WGT: 147

**SENTENCE TYPE:** X_Adult  __YRA  __FYCA*  __YRA & Adult  __FYCA & Adult

X__ Subject is at large    __ Subject is confined in _____

WHEREAS the above-named person is under sentence in the District of Columbia
for the crime(s) of ___Unlawful Entry/Breach Halfway House___
on the ___9th___ day of ___September___, 19_94_, released on parole from the
_____ Hope Village _____,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole
that said paroled prisoner has violated the conditions of parole and is therefore
deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED
STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF
FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.
PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL
WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT
SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS
WARRANT IS EXECUTED.*

WITNESS my hand and the seal of this Board this __28th__ day of __August__,

**Exhibit** ___6___

Member, D.C. Board of Parole

Warrant Certified as Valid

Pegy K ___

Initials/Date 12-11-00

FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19____
and the person named MUST NOT be held beyond that time.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. 1F 805295 C

PDID No. 352 015

vs.

John W. Hawthorne

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

Count C - Burglary II

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

TWO TO SIX YEARS  Sentence is to run consecutive
TO F 33215-95

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

**Exhibit 7**

6/6/96
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d):

6/6/96

21934/1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

John W. Hawthorne

Case No. F3321-95 H
PDID No. 35015

91
DE

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
COUNT A - ATTEMPT BURGLARY II

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
COUNT A- ONE TO THREE YEARS. SENTENCE IS TO
RUN CONSECUTIVE TO F8052-95

_____
_____
_____
_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

6/6/96
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).
6/6/910

# INITIAL HEARING SUMMARY

**Name:** . . . . . . . .  HAWTHORNE, John

**Reg No:** . . . . . . .  00219-340

**Hearing Date:** . . .  8/26/98

**Institution:** . . . . .  Lorton/Occoquan

**Examiner:** . . . . . .  Haworth, Rob

**Parole Eligibility Date:** 9/20/98

**Short Term Release Date:**
9/20/2004

**Full Term Date:** . . . . .  9/20/2004

**Months in Custody:** . . 36

                        **As Of:** . . . 9/20/98

**Salient Factor Score:** . 3

**Grid Point Score:** . . . . 4

**Recommended Release**  Deny Parole.  Schedule for Re-Hearing in 9/2000.

I.  The panel has discussed the prisoner's salient factor score and the grid point score with the prisoner.  The prisoner admits the description of the offense behavior, salient factor score items and/or grid point score.

The subject admitted that he was involved in the Burglary when he was caught with the lap top computer (Case F-8052-95).  The subject acknowledged being convicted in Case # F-3321-95 where he was caught in the boiler room of a DC hotel, but, he denied actually being involved in a burglary.  The subject also denied punching the security guard in the face as indicated in the PSI.

The subject stated that after he was released on parole (9/9/94) he did very well working, taking care of his family and reporting to his parole officer.  However, the subject lost his job in 4/95 and he stated that he began to have problems at that time.  The subject stated or strongly implied that he committed crimes for survival and to provide for his family.

The subject gave a lengthy verbal presentation about his situation.  He believes that he is a very religious person and he feels that he has truly changed.  The subject strongly believes he can make it when released from prison.

II.  **Modifications, Additions, Corrections from Prehearing Assessment:**

This examiner added 2 points in Category Two of the Grid Score for violence in the current offense.  The PSI shows that when caught in the boiler room of the hotel he punched a security guard in the face to make his escape.  The 1 point that had been added at the Pre-Review for high level of violence was removed.  There does not seem to

HAWTHORN.002

Page 1 of 3

**Exhibit** _____ 8 _____

be sufficient basis for that.  The base grid score ended up at a 5.  Total grid score is 4.

## III.  Institutional Factors:

### A.  Discipline:

The subject has maintained a good institutional record.

### B.  Program Achievement:

He gets good work reports and gets along well with staff and other prisoners.  The subject has been involved in Adult Basic Education, AA and he has completed several Alcohol and Drug Abuse Programs.

The subject's present work assignment is as a Plumber.  He does very well on his job.  The subject's institutional programming and conduct seem to barely justify reducing 1 points from the grid score.

## IV.  Fines, Restitution, Court Assessment:

None

## V.  Release Plans:

The subject has a detainer for parole violations.  However, when he is finally released he will live with relatives in Washington, DC.

## VI.  Representative:

None

## VII.  Risk:

The subject is a poor parole risk.

## VIII.  Evaluation:

The grid score is 4 which would call parole denial at this time.  This examiner finds no reason to recommend outside the guidelines.  The re-hearing schedule is 18-24 months.  This examiner recommends 24 months.  A review of the subject's prior record and his extremely poor performance on parole would justify the maximum set off.

## XI.  Panel Recommendation:

HAWTHORN.002                                                    **Page 2 of 3**

(1)    Deny parole.  Scheduled for Re-Hearing in 9/2000.


GTT
August 27, 199

HAWTHORN.002

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: HAWTHORNE, John

Register Number: 00219+340          Institution: Occoquan Facility

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in September, 2000, after the service of 24 months from your parole eligibility date of September, 1998.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS**:

Base Point Score: 5
Total Point Score: 4

Under the guidelines for D.C. Code offenders, your total point score includes a deduction of 1 point for ordinary program achievement.   The guidelines for adult offenders indicate that parole should not be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration
is not warranted.

With your base point score of 5, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date. A departure from these guidelines is not warranted.

See the attached sheet for your individual item points and explanations of the salient factor score, base point score and total point score. The tables at the bottom of the sheet present the parole and re-hearing guidelines.

Exhibit ___9___

Date: September 28, 1998                    Clerk: adc

HAWTHORN.219

| Your Pts | SFS-98 Item Explanations    SALIENT FACTOR SCORE (SFS-98) |
|---|---|
| 0. . . . . | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0. . . . . | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3. . . . . | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0. . . . . | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0. . . . . | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0. . . . . | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 3. . . . . | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Your Pts | Total Point Score Item Explanations    TOTAL POINT SCORE |
|---|---|
| +3. . . . | I - Contribution from Salient Factor Score 10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3 |
| +2. . . . | II - Current or Prior Violence Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1 |
| +0. . . . | III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II) Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder = +2; Current offense was other high level violence = +1 |
| 5. . . . | Base Point Score (sum I-III above) |
| +0. . . . | IV - Negative Institutional Behavior Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1 |
| -1. . . . | V - Program Achievement Ordinary program achievement = -1; Superior program achievement = -2 |
| 4. . . . | Total Point Score (sum of Base Point Score and points for IV and V above) |

| Adult Parole/Supervision Guidelines | | | Re-Hearing Guidelines | | | Points For SFS Item C | | | |
|---|---|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Re-Hearing | Base Point Score | Months to Re-Hearing | | Age | Prior Commitments | | |
| | | | | | | | 0-3 | 4 | 5+ |
| 0 | Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | | 26 & Up | 3 | 2 | 1 |
| 1 | Parole High Supv | | 5-8 | 18-24 | | 22-25 | 2 | 1 | 0 |
| 2 | Parole Highest Supv | | 9 | 22-28 | | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | | |

(RHN-S)

y<SUMCODE-DCRERESB_SUM>

## D.C. REHEARING/RESCISSION HEARING SUMMARY
## ADULT AND YOUTH
## (INITIAL HEARING AFTER 8/5/98)

**Offense of Conviction - Attempted Burglary; Burglary.**

| | | | |
|---|---|---|---|
| **Name** | :HAWTHORNE, John | **Institution** | :DC Jail |
| **D.C. No** | :00219-340 | **Short Term Date:**9/20/2004 | |
| **Date of Birth** | :2/27/58 | **Full Term Date:**9/20/2004 | |
| **Date Dictated** | :10/5/2000 | **Fines/Restitution/Court Assessment:**None | |
| | | **Detainer** | :Yes |
| | | **Reviewer** | :Jeffrey S. Kostbar |

## I.     PREVIOUS PAROLE BOARD ACTION:

The subject is currently serving an aggregate 9 year sentence for Attempted Burglary and Burglary II.  He received these terms in 1996 while on parole for a number of other terms which he received in the early 1990's.

Examiner Pinner completed a pre-review of this case in 8/98 which is extensive and includes a complete chronological history of the offense behavior from the early 1990's.  However, in short, the subject was in custody on a variety of sentences which included Theft, Attempted Burglary, Theft, Unlawful Entry and a halfway house escape until he was paroled on 9/9/94 with a full term date of 9/22/96.

The DC Parole Board issued a parole violator warrant on 8/28/95.  This was later supplemented with the current convictions which resulted in his current 9 year sentence.

The hearing examiner who conducted the Initial Hearing on the new 9 year sentence failed to comment upon the status of the parole violator warrant.  The sentence computation in our file from the District of Columbia, Department of Corrections did not list a detainer for the parole violator warrant.

This examiner questioned the subject at today's hearing concerning his old parole violator warrant.  He maintained that warrant was "Squashed."  This examiner was highly skeptical of this information and I showed him our file and explained to him the action of the DC Parole Board relative to that warrant.  This examiner informed him that warrant appeared to still be active.  This examiner checked with the Case Management Staff at this institution who checked the Wales System.  The Wales System indicates that the DC Parole

(RHN-S)

Board warrant is on file in the computer system and lodged against him. Consequently, this examiner did update the sentence computation sheet in the Parole Commission file to reflect that fact that there is a warrant lodged against the subject. The impact of this warrant is that any parole date the Parole Commission gives the subject will be to the parole violator warrant dated 8/28/95. The subject owes 2 years if he is revoked. He would earn good time credits and probably serve approximately 18 months if the Parole Commission were to continue him to expiration on the warrant once he is released from the current term. The warrant is based on the current behavior.

## II.    INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

This examiner was hindered in conducting this hearing by the fact that this examiner has only a "Working file." The subject is at the DC Jail from his home institution of Greensville, Virginia. He stated that he is here to fight for custody of his child in the Civil Courts. However, the working file indicates that he is here to give testimony. None the less, we do not have any institutional file of any value to work from.

The subject claims that he is a non-violent offender who has never had an incident report in 16 years of incarceration. The one violent incident attributed to him for punching a security guard in the face on this offense behavior, the subject denies.

The subject states that he has participated in Narcotics Anonymous and Alcoholics Anonymous even though he terms his narcotics use as ancient. He states that when at Lorton he was participating in the Heating and Air Conditioning Course, but, he was unable to finish this due to his transfer. He indicates that at Greensville he is in the Wood Shop Industries.

The secondary examiner may want to make a phone call to Greensville to have someone open his file and check to see if he has clear conduct and has been participating in at least some programs or work experience. If his work experience is ordinary work experience he should be granted a 1 point reduction.

## III.    MISCONDUCT DETAILS:

Again, a quick phone call could check out the subject's statement at today's hearing that he has maintained clear conduct. If this is the case, no points would be added in this section.

## IV.    POINT SCORE: The prior Point Score was a 4. This examiner will recommend, based upon the statement of the subject at today's hearing a 1 point reduction. Hopefully, our secondary examiner review will be able to clarify this with a phone call to Greensville.

## V.    CODEFENDANTS:

None

## VI.    RISK:

(RHN-S)

The subject is not considered to be a more serious risk.

## VII.   EVALUATION:

This examiner anticipates that the subject's Point Score will be reduced to a 3 at this hearing. If this is the case, a 3 would suggest that parole be granted.  A parole would need to be granted to the actual physical custody of the parole violation warrant dated 8/25/95.

## VIII.   RECOMMENDATION:

(1)    Parole effective on 11/5/2000 to the actual physical custody of the parole violator warrant dated 8/28/95.

## IX.    REASONS:

See the worksheet.

GTT
October 16, 2000

Addendum by Shoquist prepared October 20, 2000

I have attempted to determine subjects level of programming and institutional behavior by contacting the BOP CCM's office. In that a  more recent progress report has not been prepared than is in our file, these items can not be evaluated.

Therefore, I recommend the case be continued to a later docket upon his return to the Greenville facility.

Recommendation:

Continue to a later docket following your return to Greensville in order that a current progress report may be prepared so that the Commission can accurately score your case.

**U.S. Department of Justice**                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: HAWTHORNE, John                        DCDC No.:  219-340

Register Number: 07230-007                   Institution: D.C. Jail

---

In the case of the above-named, the following parole action was ordered:

Continue to a later docket following return to Greensville Correctional Facility in order that a current progress report may be prepared so that the U.S. Parole Commission can accurately score your case.


THE ABOVE DECISION IS NOT APPEALABLE.


**Exhibit __11__**


Date: **December 5, 2000**                    Clerk: **mdd** mdd

**HAWTHORN.219**



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: Hawthorne, John | Institution: Rivers Correctional Institution |
| Register Number: 07230-007 | |
| DCDC No: 219-340 | Date:     September 18, 2002 |

In the case of the above-named, the following parole action was ordered:

Reopen per 28 CFR 2.28a, new and significant information. Void Notice of Action dated 12-05-2000, which continued your rehearing of 10-05-2000. (Progress Report dated 09-04-2002 confirms clear conduct record and ordinary program achievement.)

Withdraw warrant dated 08-28-1995 and close case on the violator term.

Parole effective 10-28-2002 on the new sentence under docket F3321-95, H.

You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

**Exhibit** _____ 12 _____

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **HAWTHORNE, John Willie**, REG No. **07230-007**, (DCDC No. **219-340**), a prisoner incarcerated in the **Rivers Correctional Institution** is eligible to be PAROLED, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **October 30, 2002**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **September 18, 2004**.

Given under the hands and the seal of the United States Parole Commission on **October 30, 2002**.

UNITED STATES PAROLE COMMISSION

*Juanita E. Holmes*

By: **Juanita E. Holmes, Parole Info. Specialist**

Docket/Case Number: **F3321-95H; F8052-95C**
Initial Risk Category: SFS **3**
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.
**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____     _____
                Name                                          DCDC No.

Witnessed: _____
                 Name and Title                                    Date

The above-named person was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

**Exhibit** __*13*__

**U.S. DEPARTMENT OF JUSTICE**                        **WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**                  **D.C. Code Offender**

Name .............................. **Hawthorne, John**

| | |
|---|---|
| Reg. No .......................... **07230-007** | Date .......................................... **November 24, 2003** |
| DCDC No. .................... **219-340** | Termination of Supervision...... **9/18/2004** |
| FBI No .......................... **443659EA2** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date...................... **2/27/58** | Offender Is On Mandatory Release, Termination |
| Race.............................. **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date ........................ **8/28/2003** |
| | Released ................................ **November 1, 2002** |

Sentence Length............ **9 years (DC Omnibus Combined)**
Original Offense ............ **Attempted Burglary II; Burglary II**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant.  Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility.  The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.  If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges.  You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based.  Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may:  (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**.  On the following date, the subject submitted urine specimens which tested positive for the drugs specified:

Cocaine: 8/28/2003

This charge is based on the information contained in the violation report dated 11/17/2003 from Community Supervision Officer Angelia Perry-Moorer and the corresponding laboratory report dated 11/17/2003.

I ADMIT [  ] or DENY [  ] this charge.                **Exhibit ____14____**

---

**Hawthorne, John**
**Reg. No. 07230-007    DCDC No. 219-340**

**Charge No.  2 - Law Violation – a) Burglary II; b) Theft; c) Possession of Burglary Tools; d) Destruction of Property.**  On 11/8/2003, the subject entered the offices of Johnson, Bassin and Shaw (JBS) at 12:29 am and pried open a desk drawer.  Police were called by a JBS employee.  Once officers responded to the scene, subject surrendered.  A search incident to arrest recovered $15 which subject admitted taking from JBS offices.  Officers also recovered 2 screw drivers from the office subject was hiding in.  The subject was arrested by Montgomery County, Maryland Police for the above-cited offense on 11/8/2003.  This information is contained in the event report dated  11/8/2003.  This charge is based on the information contained in the violation report dated  11/17/2003 from Community Supervision Officer Angelia Perry-Moorer.  Status of Custody/Criminal Proceedings:  In custody; Charges pending
**I ADMIT [   ] or DENY [    ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued................... **November 24, 2003**

**Deirdre Jackson, Case Analyst
U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit IX, 1418 Good Hope Road**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Hawthorne, John, Reg. No. 07230-007, DCDC No. 219-340, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 9 years (DC Omnibus Combined) for the crime of Attempted Burglary II; Burglary II and was on November 1, 2002 released on parole from Rivers Correctional Institution with 687 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 24, 2003

_____
U.S. Parole Commissioner

**Exhibit __15__**

**Hawthorne, John**
**Reg. No. 07230-007     DCDC No. 219-340**

**WARRANT For Return of Prisoner Released To Supervision**

Name: Hawthorne, John                    Institution: Rivers Correctional Institution
Reg. No. 07230-007                        DCDC No. 219-340

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ D/DC _____ District of _____ Columbia _____ ss:

Received this writ the __24th__ day of _November_ , 20_03_, and executed same by arresting the within-named _____ John Hawthorne _____ this ___6th___ day of ___March___ , 20_07_ at ___1000___ and committing him to ___ DC JAIL ___

G. Walsh
U.S. Marshal

_____
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____ , 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ___11-24-03___

X ___John Hawthorne___                    ___3-6-07___
Prisoner's Signature                        Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

Hawthorne, John
Reg. No. 07230-007    DCDC No. 219-340

## D.C. Institutional Revocation Prehearing Assessment

**Name.........:**  **HAWTHORNE, JOHN**
**Reg Number.:**  **07230-007**
**Birth Date...:**  **02/27/1958**
**DCDC Number: 219-340**

### Prehearing Parameters
Date...................................: 03/19/2007
Examiner..............................: Phyllis R. Baker
Location..............................: CTF (or DC Jail)

### Warrant Parameters
Supervision Type..................: Parole
Supervision District...............: General Supervision Unit IX-Team 14 1418 Good Hope Road
Warrant/Summons.................: Warrant
Warrant Executed..................: 03/06/2007
Probable Cause Found.............: 03/16/2007
Revocation Hearing Deadline.....: 06/03/2007

### Sentence Parameters
Adult / Youth......................: Adult
Jail Credit (days)..................: 0
In-Operative Time (days)........: 0
MR Date (2/3)......................: 01/20/2009
Full Term Date.....................: 01/20/2009
GL Credit (months)...............: 40
GL Months in Custody.............: 41 as of 04/05/2007
GL Months at Projected MR.......: 63
Detainer............................: None

**Additional Text regarding the above parameters:** Hawthorne was arrested on 11/8/03 in Montgomery County, MD per Charge #2. He served an active sentence of 6 years for Burglary 2nd Degree and commenced 3 years of supervised probation at the time he released from the sentence on 2/12/07. Though the probation term commenced, Subject remained in custody on the parole detainer. The violator warrant was executed on 3/6/07. Subject is granted guideline credit of 40 months from 11/8/03 until 3/5/07.

**Previous Commission Action:** On 6/6/96, John Hawthorne appeared in the Superior Court for the District of Columbia and was sentenced to a term of 1 to 3 years for Attempted Burglary [F-3321-95] and a consecutive 2 to 6 years for Burglary II [F-008052-95]. File documentation revealed on 4/23/95, officers responded to the Marriott Hotel located at 1914 Connecticut N.W. where Subject was being detained by witnesses. He had been observed via the Hotel's security monitor walking in the Boiler room. When approached, he struggled with witnesses and struck one in the face with his fist and the other in the head and face causing minor cuts and lacerations.
NOTE: The police report did not reveal how Subject gained entry into the building or if he had stolen any items.

**Exhibit   17**

The second burglary occurred on 6/4/95 when the victim reported that she returned to her apartment to find that her door locks had been unlocked. Upon entering, she discovered Hawthorne exiting her kitchen. The victim knew the Subject as one of the maintenance men in the building. Upon questioning him, Subject explained he was there to repair a water leak. The next day, the complainant learned that Subject had consumed one of her beverages and reported the incident to building management. She was informed that Subject had not been an employee of the building for 3 weeks. A search revealed a Sony walkman and $10 of Mexican Pesos were missing.

Hawthorne was arrested on 9/21/95 as he matched the description for a burglary lookout from 1150 Connecticut Avenue. Once arrested, he was found in possession of a laptop computer and business card. A bench warrant for FTA for trial on 9/21/95 was also executed. NOTE: Hawthorne was on parole at the time the burglary offenses occurred. The parole term was closed via Notice of Action dated 9/18/02.

**Hawthorne was paroled on 11/1/02 with a full term date of 9/18/04.**

The current warrant was issued on 11/24/03 for illicit drug use (cocaine) and new criminal conduct involving burglary and an arrest for same on 11/8/03. The Subject was convicted in the state of Maryland for the new criminal offenses and sentenced to 6 years and 3 years probation. He completed the MD state sentence on 2/12/07 and the parole violator warrant was executed on 3/6/07. Though a probable cause hearing was not required, one was held on 3/16/07 and probable cause was found on both the administrative and criminal violations. An Institutional Revocation Hearing was scheduled for 3/22/07 a.m.

### Violations of Conditions of Release:

#### Charge No. 1 - Use of Dangerous and Habit Forming Drugs
Violation Behavior:............... . On the following date, the subject submitted urine specimens which tested positive for Cocaine on 8/28/2003. This charge is based on the information contained in the violation report dated 11/17/2003 from Community Supervision Officer Angelia Perry-Moorer and the corresponding laboratory report dated 11/17/2003.

#### Charge No. 2 - Law Violation – a) Burglary II; b) Theft; c) Possession of Burglary Tools; d) Destruction of Property.
Violation Behavior:............... On 11/8/2003, the subject entered the offices of Johnson, Bassin and Shaw (JBS) at 12:29 am and pried open a desk drawer. Police were called by a JBS employee. Once officers responded to the scene, subject surrendered. A search incident to arrest recovered $15 which subject admitted taking from JBS offices. Officers also recovered 2 screw drivers from the office subject was hiding in. The subject was arrested by Montgomery County, Maryland Police for the above-cited offense on 11/8/2003. This information is contained in the event report dated 11/8/2003. This charge is based on the information contained in the violation report dated 11/17/2003 from Community Supervision Officer Angelia Perry-Moorer. Status of Custody/Criminal Proceedings: Convicted 1/29/04 and sentenced 4/16/04 to 6 years followed by 3 years supervised probation.

**Severity:** Category Two

**Severity Justification:** Your violation behavior has been rated Category Two severity because it involved the following Administrative and Criminal offenses: Burglary of a structure with intent to commit theft, Destruction of Property ($500), Possession of Burglary Tools and Use of Dangerous and Habit Forming Drugs.

## SALIENT FACTOR SCORE  (SFS-98)

SFS Item A =  0    Subject has 8 prior convictions/adjudication.

| Date | Offense | Disposition | |
|------|---------|-------------|---|
| 10/10/1984 | Driving While Impaired T-10010-84 | Date Unk: 30 days, ESS except time served, placed on 1 yr supervised probation | (1-0) |
| | | 5/16/86: Revoked - 30 days custody | (1-0) |
| 11/26/1985 | Taking Property Without Right M-018126-85 | 12/18/85: 60 days, suspended for 6 mths prob. | (2-0) |
| | | 6/12/86: Revoked, disposition unk. | (2-0) |
| 03/16/1986 | Theft I F-002077-86 | 7/24/86: 3 yrs probation | (3-0) |
| | | 3/19/90: Revoked, 2 yrs | (3-1) |
| 01/16/1990 | Att. Burglary Att. Theft 2nd Degree F-000569-90 | 4/24/90: 10 mths each charge {Escaped 12/17/90 until 1/17/90} | (4-1) |
| 01/17/1991 | a) Att. Burglary (2 cts) F-000694-91 b) Walking Away From Halfway House F-000695-91 | 3/3/92: a) 1 yr. each count 10/29/92: b) 90 days {Escape 9/7/92 until 9/17/92} | (5-2) |
| 09/17/1992 | Unlawful Entry M-13104-92 | 10/29/92: 6 mths Paroled 9/9/94 w/FTD 9/22/96 case closed per NOA 9/18/02 | (6-3) |
| 04/23/1995 | Att. Burglary F-3321-95 | 6/6/96: 1 to 3 yrs | (7-4) |
| 09/21/1995 | a) Burglary II F-008052-95 b) Bail Act Violation F-008051 | 6/6/96: a) 2 to 6 yrs b) 1 yr supervised probation Paroled 11/01/02 (**current supervision term**) | (8-4) |

SFS Item B =  0    Subject has  4  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C =  2    Subject was  45  years old at the commencement of the current offense and had  4  prior commitments.

SFS Item D =  0    08/28/2003 - Date of Current Offense.
11/01/2002 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole/ supervised release violator.

SFS Item F = 1    Sum of Items A-E = 2  and the offender was 45 years old at the commencement of the current offense.

**Salient Factor Score = 3**

---

**Rescission Behavior(s):** It is unknown whether the prisoner had any disciplinary behavior while detained in Maryland State custody. The prisoner has no known Disciplinary Behavior after the Warrant Execution.

**Re-parole Guidelines (range in months):  16 - 22**

**Rescission Guidelines (range in months):  0 - 0**

**Aggregate Guidelines (range in months):  16 - 22**

**Text to Describe Any Other Behavior or Remaining Issues:**
Hawthorne did not serve the Maryland State sentence in a BOP facility thus, his institutional adjustment is unknown between 11/8/03 (date of arrest) until completion of the state sentence on 2/12/07. The Examiner should inquire about institutional infractions at the hearing.

**Evaluation:**
John Hawthorne, age 49, is in service of an aggregate maximum sentence of 9 years imposed in 6/96 for offenses of Attempted Burglary and Burglary II. He paroled from the custodial term on 11/1/02 and he reverted to illicit drug use in 8/03 as evidenced by testing positive for cocaine on 8/28/03. On 11/8/03, he was arrested by the Montgomery County police and charged with burglarizing an office building, d/b/a: Johnson, Bassin and Shaw located 8630 Fenton Street, Silver Spring, MD. He was arrested on the scene. He was convicted in Montgomery County, MD and sentenced to 6 years followed by 3 years probation. The state probation term commenced on 2/12/07.

The violator warrant was executed on 3/6/07 and a probable cause hearing was scheduled for 3/13/07. It is unclear as to why the PC hearing was continued to 3/16/07. Nevertheless, probable cause was found and an Institutional Hearing was scheduled for 3/22/07.

NOTE: This case was assigned for PHA on 3/19/07 with a revocation hearing scheduled for 3/22/07. Though an expedited offer could have been made, the rushed hearing date did not allow for the processing of this case for an expedited offer.

Subject has been in creditable custody for 41 months as of 4/6/07. Based on an Offense Severity Category Two and SFS of 3, the reparole guideline range is 16 to 22 months. Hawthorne is 19 months over the top of the reparole guideline range.

# HEARING SUMMARY

**Name:  Hawthorne, John**                                      **Reg No:  07230-007**

## Hearing Parameters

Hearing Format .............................: **In Person**

Hearing Type ...................................: **Revocation (Institutional)**

Hearing Date ..................................: March 22, 2007

Examiner.......................................: Rob Haworth

Institution ......................................: D.C. Correctional Treatment Facility

Second Designation .....................: None

## Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 1/20/2009

Full Term Date..............................: 1/20/2009

Months in Custody........................: 41 as of 4/7/2007

Detainer........................................: None

## Warrant Parameters

Supervision ...................................: **Parole**

Revoking District & Office..........: District of Columbia

Warrant Execution Date...............: 3/6/2007

Probable Cause Date....................: 3/16/2007

**Additional text regarding the above parameters:**  The subject was arrested 11/8/2003 on a New Criminal Charge. He was subsequently sentenced in the State of Maryland and served until his release to the violator warrant 3/6/2007. For reparole guideline purposes, the subject has been in custody 41 months as of 4/7/2007.

**Prior Action:**  See the Prehearing Review dated March 19, 2007. This subject was released on parole 11/1/2002. He had 687 days remaining at the time of his release.

**Counsel:**  The subject was represented by DC Public Defender Service Attorney Deborah Ritter.

**Witnesses:**  None.

**Procedural Considerations:**  Ms. Ritter stated that subject actually completed his sentence in Maryland on 2/12/2007. He was held in the Maryland Super Maximum Facility until the Marshals finally picked

**Exhibit ___18___**

**Hawthorne, John, Reg. No. 07230-007**                              **Page 1 of 3**

him up 3/6/2007. She believes that subject should receive credit from 2/12/2007 to 3/6/2007. Attorney Ritter acknowledge that she had no official documents to support this information. This examiner informed her that the subject's DC term will be computed from the date the Marshals executed the warrant, 3/6/2007 unless documentation is presented to show otherwise.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs:**
   **Violation Behavior:** The subject tested positive for cocaine on 8/28/2003.
   **Evidence Presented:** The subject admitted the above charge.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission.

**Charge No. 2 - Law Violation  - (A) Burglary, (B) Theft, (C) Possession of Burglary Tools, (D) Destruction of Property:**
   **Violation Behavior:** The subject was arrested 11/8/2003 after he entered an office building, broke into an office, pried open a desk drawer and attempted to steal items. He was sentenced in Montgomery County, Maryland on 4/16/2004 to serve 3 years followed by 3 years probation. He remained in custody until he completed that sentence and the violation warrant was executed 3/6/2007.
   **Evidence Presented:** The subject admitted the above charge. He stated to this examiner he called the police and turned himself in. The subject stated that he felt bad about what he did.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your conviction in Montgomery County, Maryland on 4/16/2004 and your admission.

**Discipline:** None.
   ~~Basis: Your admission~~

**Release Plans:** The subject plans to live at the home of his aunt in Washington, DC. The address is as follows: 4916 Minnesota Avenue, NE, Washington, DC, telephone (202) 396-5299, the Aunt's name is Veronica Harris.

**Guideline Parameters**

**Severity Justification:**   Category Two because it involved Burglary of a Business.
**Salient Factor Score:**   3

**Re-parole Guideline Range:**.............. 16-22

**Evaluation:** Attorney Ritter requested during the hearing for an immediate release because the subject is already almost 20 months above his guidelines. This examiner considered that but also considered the subject's prior record. A review of his prior record shows that the most recent Burglary Conviction represents convictions on seven burglaries since 1990. This prisoner has a significant history of burglaries of one that causes concern. Based on the record of burglary convictions this examiner considers him a more serious risk to the community than his guidelines shows. It is recommended that

he be reparole after he serves a total of 48 months. 48 month is double the top of the guidelines. That should be sufficient accountability in a case like this.

**Recommendation:**  Revoke parole.   None of the time spent on parole shall be credited.     Parole Effective 11/7/2007 after the service of 48 months.

**Conditions:**  Special Drug Aftercare.

**Statutory Interim Hearing:**  None.

**Guideline Use:**  A decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that your prior record shows that you have been convicted of committing seven Burglar8es or Unlawful Entries since 1990.

**Additional Text:**  None.

[Signature]

JRH/PAH
March 28, 2007

**Executive Reviewer's Comments:**

U.S. Department of Justice                                **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HAWTHORNE, John                    Institution:   D.C. – C.T.F.
Register Number: 07230-007
DCDC No: 219-340                          Date:          April 2, 2007

---

As a result of the hearing conducted on March 22, 2007, the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Re-parole effective November 7, 2007 after the service of 48 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Law Violations: (a.) Burglary; (b.) Theft; (c) Possession of Burglary Tools; (d) Destruction of Property.

Basis: Your admission to the examiner and your conviction dated 04-16-2004.

**REASONS:**

Your parole violation behavior has been rated as criminal conduct of Category Two severity because it involved Burglary of a Business and administrative violations. Your salient factor score is 3. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 04-07-2007, you have been in confinement as a result of your violation behavior for a total of 41 month(s). Guidelines established by the Commission indicate a customary range of 16-22 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk than

---

Exhibit ____19

indicated by the guidelines in that your prior record shows that you have been convicted of committing (7) burglaries and unlawful entries since 1990.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

       Deborah Ritter
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| **0** | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| **0** | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| **2** | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| **0** | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| **0** | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| **1** | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| **3** | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 04-03-2007 11:17:43 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |



# APPEAL

**U.S. Department of Justice**
**United States Parole Commission**

Name ____ John Hawthorne _____

Register No. ___ 07230-007 _____ Institution ___ Rivers _____

I received a Notice of Action dated _____ 4/2/2007 _____ and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

___ _C. Reid_ _ON BEHALF OF MR. HAWTHORNE_____ ___ 6/8/2007 ____
_____ (Signature) _____ (Date)

## INSTRUCTIONS:

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (e.g., in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

**Exhibit** _ _20_ ___

010/400图                                                                    XAH 42:23 7002 80/40

## SUMMARY OF GROUNDS FOR APPEAL

**Instructions:** Briefly describe the error which you believe to have occurred, or the specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

**Ground One:**        (F) A decision outside the guidelineswas not supported by the reasons
                    or facts stated in the Notice of Action

**Ground Two:**

**Ground Three:**

**Ground Four:**

**Note:** You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page.

## STATEMENT OF FACTS AND REASONS IN SUPPORT OF EACH GROUND FOR APPEAL

**Instructions:** Please present your grounds for appeal in the order in which they appear in your summary. For each ground of appeal, use the following format, first stating the facts that are relevant to deciding the ground you have identified, and then the reasons why you believe the Commission erred and/or should make a different decision. Use continuation pages in the same format.

**Ground One:** (Circle the applicable ground for appeal from Page 1:    a    b    c    d    e    f    g ).

**Facts:**_____See attached_____

_____

_____

_____

_____

_____

_____

**Reasons:**_____See attached_____

_____

_____

_____

_____

_____

**Ground Two:** (Circle the applicable ground for appeal from Page 1:    a    b    c    d    e    f    g ).

**Facts:**_____

_____

_____

_____

_____

_____

**Reasons:**_____

_____

_____

_____

_____

_____

*John Hawthorne Fed. Reg# 07230-007*

**GROUND ONE:**

**(F) A decision outside the guidelines was not supported by the reasons stated in the Notice of Action.**

**FACTS:**

On March 22, 2007 a parole revocation hearing was conducted in the case of Mr. John Hawthorne. Mr. Rob Haworth presided as the hearing examiner on behalf of the United States Parole Commission (hereinafter the Commission). The hearing was conducted as an institutional hearing because of a conviction for Burglary, Second Degree in Montgomery County, Maryland and has been in custody since November 8, 2003, a total of 43 months. At the revocation hearing Mr. Hawthorne's violations were deemed to be a category two offense, with a salient factor score of 3 that put him in the 16-22 month range.

Mr. Hawthorne had been in custody for over 40 months at the time of his hearing and in his findings Mr. Haworth said that because of Mr. Hawthorne's prior convictions for burglaries and unlawful entries, that he was making a finding above the guidelines. The Commission's decision to an above the guideline sanction is without merit as it is violation of their own rules and regulations.

**REASONS:**

Mr. Hawthorne was in the custody of the Maryland Department of Corrections since November 8, 2003 until the Commission executed the warrant in early March of 2007. The Commission's warrant was issued November 24, 2003, however, because Mr. Hawthorne was in state custody the warrant never executed until the end of his Maryland sentence. Had Mr. Hawthorne been in D.C. custody, his warrant would have been executed and his parole time, 687 days, would have run out while he was serving his sentence and he would no longer be under the jurisdiction of the Commission.

1

*John Hawthorne Fed. Reg# 07230-007*

The United States Parole Commission lays out precise instructions for when a departure from the guidelines based on risk of recidivism is appropriate. To start, it notes that, "to override the applicable guideline range the decision-maker **must** find that there exists at least one factor that (1) is not taken into account by the applicable guideline range – either directly or indirectly, and (2) has an important bearing on the disposition of the case." (Deskbook of Training and Reference Materials (hereinafter *Training Manual*) 13.1(b)). (*emphasis added*).

The hearing examiner recommended and the Commission confirmed that Mr. Hawthorne be sanctioned above the guideline range based entirely on his risk of recidivism. The Commission's own rules state that risk of recidivism is only an appropriate reason for departing from the guidelines if it is a factor that is not taken into account by the guideline range.

The risk of recidivism is determined by the calculation of the Salient Factor Score. In fact, the guidelines give serious consideration to the risk of recidivism, and as a result the 16-22 months guideline range must be followed in Mr. Hawthorne's case. The Commission's own manual confirms this noting, "...the use of the Salient Factor Score is an effective way to manage the aggregate risk of recidivism presented by offenders." (Training Manual 13.2(a)). The construction of the score has been revised on five separate occasions in order to make it more accurate in serving this purpose. The Commission notes that validation studies confirm that the last version adopted in 1998 "is in the high range of parole prediction instruments and is very stable over time." (Training Manual 13.2(b)(3)). The lower the score, the greater the likelihood of recidivism. (*Id.*). When dealing with repeat offenses of the same type as is the case here, the Commission has issued instructions noting that, "Repeating the same type of offense is an appropriate departure consideration when the offenses are **especially serious.**" (Training Manual 13.5(c)). (*emphasis added*). Later the

2

*John Hawthorne Fed. Reg# 07230-007*

Commission states that "In most cases, the guideline range provided by the combination of the current offense and the SFS adequately takes into account both the *likelihood of recidivism* and the *seriousness of recidivism* predicted." (Training Manual 13.7(a)). It is clear that only offenses in Category Five or higher are significant enough to qualify as a "more serious risk". An example is even provided in which an offender has committed a Category Four offense, has eight prior convictions and an SFS of 0. In this circumstance "there is no indication that this offender is a more serious risk." (Training Manual 13.7(b)(Example 20)).

The Commission provided little reasoning for their decision in this case. They felt that, "a decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that your prior record shows that you have been convicted of committing (7) burglaries and unlawful entries since 1990." (Hawthorne Notice of Action (4/4/07) p.1-2). The Commission's reasoning does not fall into any of the categories that allow for decisions above the guidelines provided in 28 C.F.R. § 2.20-05(B). The Notice of Action indicated that Mr. Hawthorne was a "more serious risk" which would mean he had to qualify under 28 C.F.R. § 2.20(B)(5)(6) or (7). However, 28 C.F.R. § 2.20(B)(5) and (7) both involve serious and/or violent crimes, which were neither proven nor alleged in Mr. Hawthorne's case. Moreover, 28 C.F.R. § 2.20(B)(6) allows for a sentence above the guidelines if there is a "history of repetitive sophisticated criminal behavior". While Mr. Hawthorne's behavior may be somewhat repetitive, quick glance at the facts of the current offense show that his actions are by no means sophisticated. The example provided in the 28 C.F.R. § 2.20(B)(6) mentions instances of fraud. Mr. Hawthorne, on the other hand committed a simple act of burglary on an unoccupied commercial building and, while in the act, called the police to inform them of his actions. By no means, does this meet the sophistication requirement 28 C.F.R. § 2.20(B)(6).

3

*John Hawthorne Fed. Reg# 07230-007*

**Requested Action:**

Mr. Hawthorne respectfully requests that the Commission release him forthwith since he has already served 43 months, almost twice the top of the guideline range. The justification for the egregious guideline departure does not comport with the Commission's own rules and procedures. Under the Commission's own policies a departure from the guidelines is clearly inappropriate in this case. Mr. Hawthorne's risk of recidivism was sufficiently accounted for in the calculation of his Salient Factor Score. Additionally, his current offense is graded as a category two and therefore is not serious enough to qualify as a "more serious risk" which would allow for a departure from the guidelines. To give Mr. Hawthorne a greater sentence than the guidelines allow based solely on speculation of recidivism would ignore a firmly established Commission Rules (set out in the Rules and Procedures Manual and in the Deskbook of Training and Reference Materials). A proper departure from the guidelines would have to be based on either a factor not considered in the calculations or by a repetitive more serious offense. Neither of those exists in Mr. Hawthorne's case. The sentence therefore violates due process and the Commissions own rules and regulations and therefore Mr. Hawthorne should be released forthwith.

4

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action on Appeal**

---

Name: HAWTHORNE, John                          Institution:   Rivers CI

Register Number: 07230-007                     Date:          August 2, 2007

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirm the previous decision, but modify reasons.

**REASONS:**

A decision above the guidelines is warranted because your guideline range does not take into account the pattern of similar types of theft offenses you have committed while on supervision over the past 15 years, including seven convictions for burglary and unlawful entry since 1990.

All decisions by the National Appeals Board on appeal are final.

Cc:    Deborah Ritter
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

Exhibit _____21_____

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) **Hawthorne, John**, Register No. **07230-007**, (DCDC No. **219-340**) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **November 7, 2007** and remain under parole supervision through **December 29, 2008**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on November 6, 2007.

UNITED STATES PAROLE COMMISSION

By: **Dawn M. Booze-Hill, Case Services Technician**

Docket/Case Number: F3321-95; F8052-95
Initial Risk Category: SFS - 3

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

| | |
|---|---|
| Name | DCDC No. |

Witnessed: _____

| | |
|---|---|
| Name and Title | Date |

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 11-07-2007 14:08:06 BOP-Rivers CI |

Exhibit ___22___

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN W. HAWTHORNE,                 )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No. 07-2000 (RCL)
                                   )
UNITED STATES PAROLE               )
COMMISSION, et al.,                )
                                   )
            Defendants.            )
                                   )

## <u>ORDER</u>

UPON CONSIDERATION of Government Defendant's motion to dismiss, and for good cause shown, it is hereby:

ORDERED that Government Defendant's motion is GRANTED, and it is further

ORDERED that the Complaint in this action is hereby dismissed with prejudice as to the Government Defendants -- *i.e.*, the United States Parole Commission; Edward Reilly, Jr., Chairman, United States Parole Commission; and the Court Services Offender Supervisory Agency.


_____                          _____
Date                                       ROYCE C. LAMBERTH
                                           United States District Judge