IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN W. HAWTHORNE          )
                          )
            Plaintiff,     )
                          )
v.                        )          Civil Action No. 1:07-cv-02000
                          )
UNITED STATES PAROLE       )
COMMISSION, et al.,        )
                          )
            Defendants.    )

## DEFENDANT GEORGE SNYDER'S MOTION TO DISMISS

Defendant George Snyder ("Snyder"), by and through counsel, moves the Court to dismiss him from this action pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Snyder states the following grounds in support of this Motion:

1.      This Court lacks personal jurisdiction over Snyder;

2.      Hawthorn's Complaint fails to state a claim upon which relief may be granted as to Snyder; and

3.      Snyder incorporates as if set forth fully herein the arguments and authorities set forth in the accompanying memorandum.

Therefore, Snyder requests the Court:

1.      Dismiss Hawthorn's claims against Snyder with prejudice.

Dated: February 12, 2008

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*


/s/ Cathy A. Hinger
Deborah J. Israel, Esq. (DC Bar No. 430841)
Cathy A. Hinger (Bar No. 473697)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466 (Telephone)
(202) 261-0034 (Facsimile)
*Counsel for Defendant Warden George Snyder*

## CERTIFICATE OF SERVICE

This is to certify that on February 12, 2008, a copy of the foregoing **DEFENDANT GEORGE SNYDER'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using CM/ECF system.

It is further certified that a copy was served upon the following non-CM/ECF participant by placing said copy in a postage paid envelope and addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

**ADDRESSEE(S):**

John W. Hawthorne
Fed. Reg. #07230-007
Re Entry Sanction Center
Unit 7
633 Indiana Avenue, NW
Karrick Hall Building No. 17
Washington, DC  20004

*Pro Se Plaintiff*


/s/ Cathy A. Hinger
Deborah J. Israel, Esq. (DC Bar No. 430841)
Cathy A. Hinger (Bar No. 473697)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC  20005
(202) 857-4466 (Telephone)
(202) 261-0034 (Facsimile)
*Counsel for Defendant Warden George Snyder*

WCSR 3808392v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN W. HAWTHORNE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-02000 |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GEORGE SNYDER'S MOTION TO DISMISS

### STATEMENT OF THE CASE

Plaintiff John W. Hawthorne ("Hawthorne") initiated this action on November 6, 2007 by filing his Complaint in the United States District Court for the District of Columbia. Hawthorne's Complaint alleges that the United States Parole Commission ("Commission") violated his rights under the Fifth and Fourteenth Amendments, as well as the Ex Post Facto clause of the Constitution by failing to provide him with a timely interim parole hearing.

### STATEMENT OF THE FACTS

In 1995, as a result of a parole violation, Hawthorne was sentenced to nine years in prison. (Compl. Preliminary Statement ¶¶ 1 & 2.) In September 1998, Hawthorne received a parole hearing, but parole was denied. (Compl. Preliminary Statement ¶ 3 & Ex. A.) The Notice of Action from the September 1998 parole hearing indicated that Hawthorne should have a rehearing in September 2000. (Compl. Preliminary Statement at Ex. A.) Hawthorne claims that the hearing scheduled for September 2000 was continued without his consent and, as a result, he

did not receive his rehearing until September 2002. (Compl. Preliminary Statement ¶¶ 5-7 & Ex. B.)

## ARGUMENT

## I.     THE COURT LACKS PERSONAL JURISDICTION OVER WARDEN SNYDER

Hawthorne cannot establish that this Court has personal jurisdiction over Snyder. In order for personal jurisdiction to exist, Snyder must consent to this Court exercising personal jurisdiction over him – which he has not – or Hawthorne must establish that this Court's exercise of jurisdiction over Snyder meets the requirements of the District of Columbia's long-arm statute and the Due Process Clause of the Fifth Amendment. *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). This Court has recently reviewed the standard for exercising jurisdiction over an out-of-state defendant such as Snyder:

> According to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving that the court has personal jurisdiction over the defendant by showing that the defendant purposefully availed himself of the benefits of the forum state by establishing minimum contacts and that the exercise of jurisdiction would comport with notions of fair play and substantial justice. "Bare allegations and conclusory statements are insufficient" to establish personal jurisdiction over a defendant. The plaintiff must instead "allege specific facts connecting each defendant with the forum state."

*Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 229 (D.D.C. 2007) (citations omitted). In this case, Hawthorne has failed to allege the necessary facts to establish this Court's jurisdiction over Snyder. Thus, Snyder's Motion to Dismiss should be granted.

## A.     THE DISTRICT OF COLUMBIA CODE DOES NOT PROVIDE FOR THE EXERCISE OF JURISDICTION OVER SNYDER

A number of statutory provisions govern the exercise of jurisdiction by courts within the District of Columbia over individuals situated outside the District of Columbia, none of which

apply to Snyder.  As Snyder is an out-of-state party, Hawthorne must establish that Snyder's

actions fall within the provisions of D.C. Code § 13-423(a).  In relevant part, § 13-423(a) states:

> (a)     A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
>
> (1)     transacting any business in the District of Columbia;
> (2)     contracting to supply services in the District of Columbia;
> (3)     causing tortious injury in the District of Columbia by an act or commission in the District of Columbia;
> (4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . .

D.C. Code §§ 13-423(a)(1)-(4).

This Court has recently discussed whether employees of the GEO Group, such as Snyder,

are subject to personal jurisdiction in the District of Columbia under § 13-423.  In *Jackson v.*

*Federal Bureau of Prisons*, No. 06-592(GK), 2006 WL 2434938 (D.D.C. 2006) (annexed hereto

as Attachment 1), the plaintiff sued the Bureau of Prisons ("BOP"), the BOP director, the GEO

Group, and two GEO employees for violations of his rights under the Religious Land Use and

Institutionalized Persons Act.  *See id.* at *1.  Plaintiff asserted that the GEO defendants were

subject to personal jurisdiction in the District of Columbia due to the contract between GEO and

BOP.

This Court soundly rejected the theory put forward by the plaintiff in *Jackson*.  Although

GEO and BOP entered into a contract to house D.C. Code offenders at Rivers, "[t]he fact that

this agreement was made pursuant to the Revitalization Act or executed within the District of

Columbia does not confer personal jurisdiction over out-of-state defendants."  *Id.*  In this case,

similar to the defendants in *Jackson*, "[n]one of the GEO Defendants resides in the District of

Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the individual defendants. Accordingly, this court lacks personal jurisdiction over the individual defendants." *Id.* Thus, just as this Court determined that it lacked jurisdiction over the GEO employees in *Jackson*, the Court should determine that it lacks personal jurisdiction over Snyder and dismiss him from this action.

**B. THE EXERCISE OF PERSONAL JURISDICTION OVER DEFENDANT SNYDER DOES NOT SATISFY THE REQUIREMENTS OF DUE PROCESS**

Assuming, for the sake of argument, that the District of Columbia's long-arm statute provides a basis for the exercise of personal jurisdiction, Snyder's Motion to Dismiss should still be granted as the exercise of personal jurisdiction over Snyder would not accord with the Fifth Amendment's Due Process Clause. In order to meet this standard, the plaintiff must demonstrate that the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

4

Hawthorne's Complaint is devoid of any indication that Snyder has availed himself of the privilege of conducting activities within the District of Columbia such that he should reasonably anticipate being haled into court in the District. In fact, Snyder's contacts with the District of Columbia are virtually non-existent. (Attachment 2, Snyder Aff. ¶ 4.) Thus, as Hawthorne has failed to make a showing that Snyder's contacts with the District of Columbia are sufficient to establish minimum contacts, Snyder's Motion to Dismiss should be granted.

## II.  SNYDER SHOULD BE DISMISSED FROM THIS ACTION BECAUSE HE IS NOT PERSONALLY INVOLVED IN PAROLE PROCEEDINGS

Assuming that this court has personal jurisdiction over Snyder, and further assuming that Snyder, as an employee of a privately owned company is amenable to suit under § 1983, he may not be held liable in this action because he was not personally involved in the alleged constitutional violations. The Commission alone has responsibility and authority for parole proceedings. Therefore, because Snyder has no role in parole proceedings, he cannot be held liable for constitutional violations arising out of such proceedings. Thus, this Court should grant Snyder's Motion to Dismiss.

In order to impose liability upon an individual pursuant to § 1983, the plaintiff must demonstrate that a defendant had personal involvement in the alleged constitutional violation. *See Gladden v. Barry*, 558 F. Supp. 676, 678 (D.D.C.1983); *Cameron v. Thornburgh*, 983 F.2d 253, 257-58 (D.C.Cir. 1993). In this case, Hawthorne's Complaint fails to state a claim against Snyder because it does not allege any personal involvement whatsoever by Snyder in the parole proceedings at issue. Snyder's name appears nowhere in the Complaint. Nor is there any allegation that the Warden of Rivers Correctional Institution played a role in Hawthorne's parole proceedings. Instead, the Complaint focuses solely upon the United States Parole Commission.

Section IV of the Complaint, which requires the Plaintiff to name Defendants, only lists the Chairman of the Parole Commission. (Compl. at 4.) Hawthorne's handwritten listing of the parties only references the Commission. (Compl. at 10.) Additionally, Hawthorne's questions presented focus entirely upon the actions of the Commission and make no reference to Snyder. (Compl. at 11.)

In fact, Snyder could not have any role in the parole proceedings because such proceedings are wholly within the authority of the Commission. Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), on August 5, 1998, the District of Columbia's Parole Board was abolished and the Commission assumed "the jurisdiction and authority ... to grant and deny parole." D.C. Code. § 24-131(a). As a result, the Commission has "the sole authority to grant parole." 28 C.F.R. § 2.70(b). Additionally, the responsibility to conduct interim hearings for District of Columbia Code offenders rests with the Commission and its examiners, not Snyder. 28 C.F.R. § 2.81(a) (holding that when dealing with reparole decisions "[t]he Commission shall ... conduct interim hearings pursuant to § 2.14"). Therefore, any violation which took place during the course of parole proceedings involved members of the Commission and its staff, not Snyder. Thus, Hawthorne has failed to state a claim against Snyder because of a lack of personal involvement in the alleged constitutional violations.

## CONCLUSION

Snyder's Motion to Dismiss should be granted because this Court lacks personal jurisdiction over Snyder and because the Complaint fails to state a claim upon which relief may be granted. This Court lacks personal jurisdiction because Hawthorne cannot demonstrate that the District of Columbia's long-arm statute authorizes the exercise of jurisdiction over Snyder or

that the exercise of jurisdiction over Snyder would be consistent with the requirements of the

Due Process clause.   Moreover, Snyder cannot be held liable for an alleged violation of

Hawthorne's constitutional rights because he had no role in parole proceedings.   Therefore,

Snyder's Motion to Dismiss should be granted.

Dated: February 12, 2008.

> WOMBLE CARLYLE SANDRIDGE & RICE
> *A Professional Limited Liability Company*
>
> /s/ Cathy A. Hinger
> _____
> Deborah J. Israel, Esq. (DC Bar No. 430841)
> Cathy A. Hinger (Bar No. 473697)
> Womble Carlyle Sandridge & Rice, PLLC
> 1401 Eye Street, NW, 7th Floor
> Washington, DC  20005
> (202) 857-4466 (Telephone)
> (202) 261-0034 (Facsimile)
> *Counsel for Defendant Warden George Snyder*

## CERTIFICATE OF SERVICE

This is to certify that on February 12, 2008, a copy of the foregoing **DEFENDANT GEORGE SNYDER'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using CM/ECF system which will send a copy to the following:

Brian P. Hudak
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Brian.hudak@usdoj.gov
*Attorney for Government Defendants*

It is further certified that a copy was served upon the following non-CM/ECF participant by placing said copy in a postage paid envelope and addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

**ADDRESSEE(S):**

John W. Hawthorne
Fed. Reg. #07230-007
Re Entry Sanction Center
Unit 7
633 Indiana Avenue, NW
Karrick Hall Building No. 17
Washington, DC 20004
*Pro Se Plaintiff*

/s/ Cathy A. Hinger
Deborah J. Israel, Esq. (DC Bar No. 430841)
Cathy A. Hinger (Bar No. 473697)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466 (Telephone)
(202) 261-0034 (Facsimile)
*Counsel for Defendant Warden George Snyder*

**ATTACHMENT 1**

Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
(Cite as: Not Reported in F.Supp.2d)

C
**Jackson v. Federal Bureau of Prisons**
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Michael **JACKSON**, Plaintiff,
v.
**FEDERAL BUREAU OF PRISONS**, et al.,
Defendants.
Civil Action No. 06-592(GK).

Aug. 22, 2006.

Michael Jackson, Winton, NC, pro se.
Eric J. Janson, U.S. Attorney's Office, Paul A.
Kaplan, Womble Carlyle Sandridge & Rice PLLC,
Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

GLADYS KESSLER, District Judge.

**\*1** Plaintiff, a federal inmate proceeding *pro se,*
brought this action alleging that the Defendants
violated the Religious Land Use and
Institutionalized Persons Act ("RLUIPA"), 42
U.S.C. § 2000cc, by failing to provide him the
pork-free diet required by his religious beliefs. The
complaint names as Defendants the Bureau of
Prisons ("BOP") and Harley Lappin, the Director of
BOP ("Federal Defendants"), and the GEO Group,
Inc. and two of its employees, David Palmer,
Assistant Warden at the Rivers Correctional
Institution ("RCI"), and James K. Brown, the prison
chaplain. ("GEO Defendants"). Defendants have
filed motions to dismiss.

### Background

Plaintiff is incarcerated at the RCI in Winton,

North Carolina. Complaint, p. 1. The RCI is
operated by the Geo Group, Inc. pursuant to a
contract with the BOP. *Id.,* p. 5. Plaintiff alleges
that he is a practicing Sunni Muslim and that his
religion has strict dietary laws and requirements. *Id.,*
p. 4. On July 5, 2005, Plaintiff claims he was in the
RCI's dining hall during the serving of special diets.
*Id.,* p. 3. The dining staff handed him a food tray
containing pinto beans with pork. *Id.* He returned
the tray and was given one without pork. *Id.* The
consumption of pork violates Plaintiff's Muslim
faith. *Id.,* p. 2.

Plaintiff met with defendant James K. Brown,
the chaplain at RCI, and complained to him that he
had failed to offer the prison's Muslim community
the opportunity to observe their faith's dietary
requirements. *Id.,* p. 4. Plaintiff also filed an
informal Request for an Administrative Remedy
raising the issue of the pork in his food. *Id.,* Ex. 1.
He alleges that after the request was denied, he met
with Assistant Warden David Farmer. *Id.,* p. 4.
Defendant Farmer stated that the BOP's dietary
program complied with Plaintiff's religious
requirements. *Id.*

In response to Plaintiff's appeal of the denial of
his grievance, RCI's Warden acknowledged that a
case of pinto beans containing pork was
inadvertently received into the facility. *Id.,* Ex. 2.
According to the Warden, the case of beans was
immediately disposed of and not served to the
inmates. *Id.* He also affirmed that the food served at
RCI was pork-free. *Id.* Plaintiff's further
administrative appeals to the BOP were denied. *Id.,*
p. 3.

### Standard of Review

Pursuant to Rules 12(b)(1) and 12(b)(6) of the
Federal Rules of Civil Procedure, the Federal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 2

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.*Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

*\*2* A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia,* 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park,* 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States,* 334 F.3d 61, 67 (D.C.Cir.2003), cert. denied,540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C.Cir.2003), cert. denied,540 U.S. 1218 (2004). The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren,* 353 F.3d at 39;*Browning,* 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton,* 412 F.Supp.2d 118, 122 (D.D.C.2006) (citation and quotation omitted).

The GEO Defendants assert that this Court lacks personal jurisdiction over them. The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of

personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id.* Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

### Discussion

*Federal Defendants*

The Federal Defendants move to dismiss on the ground that the RLUIPA does not apply to the BOP. In order to properly evaluate the Defendants' argument, it is necessary to understand the legislative and jurisprudential history of this area of law. RLUIPA is the "latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens" than that required by the Supreme Court's free exercise clause jurisprudence. *Cutter v. Wilkinson,* 125 S.Ct. 2113, 2117-2118 (2005). To that end, in 1993, Congress enacted the Religious Freedom Restoration Act ("RFRA"). That statute was intended to overturn *Employment Div., Dep't of Human Resources of Or. v. Smith,* 494 U.S. 872 (1990), a decision which held that the First Amendment permits governments to apply neutral generally applicable laws to a religious practice without a showing of a compelling state interest. *Cutter,* 125 S.Ct. at 2118;*Caldwell v. Caesar,* 150 F.Supp.2d 50, 55 (D.D.C.2001). RFRA provides that a government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the government demonstrates that it "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest."42 U.S.C. § 2000bb.

*\*3* In *City of Boerne v. Flores,* 521 U.S. 507, 523-36 (1997), the Supreme Court held that RFRA was unconstitutional as applied to the states. A number of courts of appeals, including ours, have

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 3

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

held that RFRA still applies to the federal government. *See Cutter,* 125 S.Ct. at 2118; *Henderson v. Kennedy,* 265 F.3d 1072, 1073 (D.C.Cir.2001); *Gartrell v. Ashcroft,* 191 F.Supp.2d 23, 37 (D.D .C.2002).[FN1]

> FN1. The Supreme Court has yet to decide the issue. *Cutter,* 125 S.Ct. at 2118 n. 2.

In response to the Supreme Court invalidating RFRA as applied to the states, Congress enacted RLUIPA. *Cutter,* 125 S.Ct. at 2118. Section 3 of RLUIPA, 42 U.S.C. § 2000cc-1, applies to religious exercise by institutionalized persons. The statute provides that "no *government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the burden furthers "a compelling government interest" and that it has adopted the "least restrictive means" to serve that interest. *Id .,* § 2000-cc-1(a)(1)-(2)(emphasis supplied). An individual affected by such a burden has a right to pursue judicial relief. *Id.,* § 2000-cc-2(a).

Under RLUIPA, the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting under color of State law. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities. *Ish Yerushalayim v. United States,* 374 F.3d 89, 92 (2d Cir.2004); *Bloch v. Samuels,* No. H-04-4861, 2006 WL 2239016, at *7 (S.D.Tex. Aug. 3, 2006); *Sample v. Lappin,* 424 F.Supp.2d 187, 192 n. 3 (D.D.C.2006); *Terrero v. Watts,* No. 202-134, 2005 WL 2838142, at *5 (S.D.Ga. Oct. 26, 2005). This conclusion is the only sensible construction of the statute. RLUIPA was specifically enacted to counter a Supreme Court decision holding that the identical provisions of RFRA could not be applied to the states. *Cutter,* 125 S.Ct. at 2118. In addition, as noted above, inmates still retain a cause of action under RFRA against the federal government. Therefore, Plaintiff cannot bring a RLUIPA claim against the Federal

Defendants.

*GEO Defendants*

These Defendants move to dismiss based on lack of personal jurisdiction. The caption of Plaintiff's complaint lists the addresses of Defendants Geo Group, Inc., David Farmer, and James K. Brown as being in Winton, North Carolina. The complaint does not allege that the Defendants reside in the District of Columbia or conduct business here.

The District of Columbia long-arm statute, D.C.Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola,* 895 F.Supp. 1, 3 (D.D.C.1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(a)(1)-(4)(2006). For there to be personal jurisdiction under the long-arm statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994).

**\*4** Plaintiff contends that the Court has jurisdiction over the GEO Defendants by virtue of its contract with the BOP to operate the RCI .[FN2]In 1997, Congress transferred responsibility for the imprisonment of felons convicted under the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

D.C.Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act").*Fletcher v. Reilly,* 433 F.3d 867, 870 (D.C.Cir.2006); *see* D.C.Code §§ 24-101*et seq.* The statute provides that D.C.Code offenders "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted by the Bureau of Prisons ..." *Id.,* § 24-101(a). In addition, the Revitalization Act mandates that fifty percent of D.C. inmates be incarcerated in private correctional facilities. *Id.,* § 24-101(c)(1)(B).

> FN2. Following briefing on the Defendants' motions to dismiss, Plaintiff filed a motion for jurisdictional discovery. Such discovery is only warranted if the Plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants. *GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C.Cir.2000); *Carribean Broad Sys. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C.Cir.1998). In his motion, Plaintiff alleges that discovery will demonstrate that the GEO Group has extensive contact with BOP and other federal agencies in the District of Columbia, as well as the D.C. Jail. Plaintiff contends that this information would indicate that the GEO Group is transacting business in the District of Columbia.

As the Court notes below, none of these allegations, if proven, would establish personal jurisdiction over the GEO Defendants. The Court will deny Plaintiff's motion.

The BOP and Wackenhut Correctional Corporation, now part of the GEO Group, entered into a contract for Wackenhut to house D.C. inmates pursuant to the Revitalization Act. *See* Pl.'s Opp. to Deft.'s Mot. to Dismiss, Ex. 1. The fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants. *See Ali v. Dist. of Columbia,* 278 F.3d 1, 7 (D.C.Cir.2002); *Ibrahim v. Dist. of Columbia,* 357 F.Supp.2d 187, 192-94 (D.D.C.2004).

None of the GEO Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the GEO Defendants. *See Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993). Accordingly, this Court lacks personal jurisdiction over the individual defendants.

The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983); *Hoffman v. Fairfax County Redevelopment & Hous. Auth.,* 276 F.Supp.2d 14, 16 n. 1 (D .D.C.2003). Transfer is appropriate under 28 U.S.C. § 1406(a)"when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the merits."*Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C .Cir.1983) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003). The decision to transfer an action on this basis is left to the discretion of the court. *Novak-Canzeri v. Saud,* 864 F.Supp. 203, 207 (D.D.C.1994). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden,* 360 F.Supp.2d 90, 93 (D.D.C.2004).[FN3]

> FN3. Unlike the Federal Defendants, the GEO Defendants have not moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

The alleged events giving rise to Plaintiff's claim occurred at the RCI, which is located in the Eastern District of North Carolina. The GEO Defendants are also in the same district. Since Plaintiff is incarcerated at RCI, his BOP records are no doubt maintained there. In the interest of justice,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                           Page 5

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

therefore, the Court will transfer the action against the GEO Defendants to the United States District Court for the Eastern District of North Carolina.

### Conclusion

**\*5** Based on the foregoing, the Federal Defendants' motion to dismiss will be granted. The claim against the GEO Defendants will be transferred. An appropriate order accompanies this Memorandum Opinion.

D.D.C.,2006.
Jackson v. Federal Bureau of Prisons
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**ATTACHMENT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN W. HAWTHORNE )
)
           Plaintiff, )
)
v. )         Civil Action No. 1:07-cv-02000
)
UNITED STATES PAROLE )
COMMISSION, et al., )
)
          Defendants. )

## DECLARATION OF GEORGE SNYDER

I, George Snyder, do declare and state as follows:

1.     I am over 18 years of age, competent to testify and give this declaration of my own personal knowledge for use in the above captioned matter.

2.     I am employed by The GEO Group, Inc. as the Warden of Rivers Correctional Institution in Winton, North Carolina. I have held this position since 2004.

3.     I reside in Ahoskie, North Carolina.

4.     To the best of my knowledge, my only contacts with the District of Columbia are:

     a.     Preparing for and providing testimony to the United States House of Representatives' Committee on Oversight and Government Reform's Subcommittee on the Federal Workforce, Postal Service, and the District of Columbia in October, 2007; and

     b.     Attending a social event in the District of Columbia in late 2006 or early 2007.

c.    The congressional testimony and the social event were unrelated to the

allegations raised by Mr. Hawthorne.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___2 - 8 - 0 8___

George Snyder

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN W. HAWTHORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:07-cv-02000** |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

UPON CONSIDERATION of Defendant Warden George Snyder's Motion to Dismiss, any opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendant Warden George Snyder's Motion to Dismiss is GRANTED.

Dated: _____

_____
The Honorable Royce C. Lamberth
United States District Judge

Copies to:

Cathy A. Hinger Esq.
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
*Counsel for Defendant Snyder*


Brian P. Hudak
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
*Counsel for Government Defendants*

John W. Hawthorne
Fed. Reg. #07230-007
Re Entry Sanction Center
Unit 7
633 Indiana Avenue, NW
Karrick Hall Building No. 17
Washington, DC 20004
*Pro Se Plaintiff*